Argued December 2; decided December 27, 1897.

HANTHORN v. OLIVER.

[51 Pac. 440.]

VACATING JUDGMENT BY DEFAULT.— A defendant showed that he did not comprehend the English language perfectly; that he misunderstood a notification from his attorney, received on Monday that his case would be tried on Tuesday, and believed it to mean Tuesday of the next week, at which date he was on hand ready for trial, only to learn that judgment had gone against him the week before; that he had a good defense aside from the statute of limitations which had not been pleaded, although available; that he applied for a new trial on terms on the day he learned of his mistake.  *Held*, that a refusal to set aside the default and judgment on terms was an abuse of discretion.

DISCRETION OF COURT— ABUSE.— The discretion resting in a trial court to grant or refuse an application to open a default is not the right to do as it may please the judge presiding, but is rather a power that should be exercised with discriminating judgment, and so as to best accomplish substantial justice: *Thompson* v. *Connell*, 31 Or. 231, approved.

From Clatsop:  THOMAS A. McBRIDE, Judge.

This action was brought on the twenty-second of September, 1894, to recover the sum of $698.48

for goods alleged to have been sold and money
loaned by the plaintiff's assignor to the defendant
in the month of October, 1876, and the complaint
avers, for the purpose of taking the case out of the
statute of limitations, that the defendant was and
had been a non-resident of the state since August
15, 1877. On the twenty-fifth of September the de-
fendant answered, denying all the material allega-
tions of the complaint except the fact of his non-
residence, and affirmatively alleging that he had
fully paid for all goods purchased by him of the
plaintiff's assignor. A reply having been filed, the
cause was, by mutual consent, continued from time
to time until September 16, 1895, when it was set
for trial on Tuesday, the twenty-fourth of the
month. On Monday, the day before the time fixed
for the hearing, the defendant was notified by his
counsel that the cause had been set for "Tuesday"
but, being a foreigner, and not understanding the
English language perfectly, supposed that it was
Tuesday of the following week, and not the next
day, and, residing about fifteen miles from the
county seat, did not appear at the time set, and the
cause was tried, and judgment rendered against him
for the amount demanded in the complaint, to-
gether with $1,061.09 interest, aggregating $1,758.57
and costs, without his appearance, either in person
or by counsel. On Tuesday, the first day of Octo-
ber,— the day he supposed the cause was to be
tried,— he went over to Astoria, to attend the trial,
and upon his arrival found that judgment had al-
ready gone against him. He thereupon immedi-

ately filed a motion to vacate and set it aside on
the ground of excusable mistake, accompanied by
affidavit showing that he had misunderstood the
time set for the trial, and that such mistake oc-
curred as above detailed; that he had a meritorious
defense to the action, as stated in his answer; and
also that he was and had been a resident of this
state continuously since the alleged purchase of the
goods mentioned and referred to in the complaint;
and that such action was, in fact, barred by the
statute of limitations. A counter affidavit was filed
by the plaintiff's attorney to the effect that the ac-
tion was commenced in August, 1894, and issue
joined in September following; that for the conven-
ience of the defendant, and to enable him to obtain
the deposition of a witness, the plaintiff had con-
sented to countenances from time to time; that on
the sixteenth of September, 1895, the court, on its
own motion, set the cause for hearing on Tuesday,
the twenty-fourth, and defendant's attorney was ad-
vised thereof; that plaintiff was present with his
counsel and witnesses at the time designated, and
that defendant's counsel, being present in court,
stated that he had notified defendant, but that he
had failed to appear, whereupon the court ordered
the cause to proceed without him; that plaintiff was
obliged to go to great expense in preparing for the
trial and procuring the attendance of witnesses
from the City of Portland, and that the cause had
been long delayed on account of, and at the request
of, defendant's counsel. The defendant thereupon
offered in writing to pay all the costs of the action

up to date, and to proceed to trial at any desig-
nated day during the then term of court as a con-
dition, or as terms for setting aside the judgment.
The court denied the motion, and defendant ap-
peals.

                              REVERSED.

For appellant there was an oral argument by
*Messrs. John H. Smith* and *F. D. Winton.*

For respondent there was an oral argument by
*Mr. Frank J. Taylor.*

MR. JUSTICE BEAN, having stated the facts, de-
livered the opinion of the court.

Upon the facts disclosed by the record, we are
of the opinion that the defendant was entitled to
have the judgment opened up, and to make his de-
fense, and that the denial by the trial court of his
motion for that purpose is reversible error.   The
case presented is not one of negligence or omission
on the part of either defendant or his counsel, but
is an excusable mistake, growing out of an honest
misunderstanding of the defendant as to the time
of trial.   His counsel told him on Monday that the
case was set for Tuesday (meaning the following
day), but he understood it to be Tuesday of the
next week.   This was quite a natural mistake un-
der the circumstances, and to hold that on account
thereof he should have no relief from the judg-
ment rendered against him, but must lose the bene-
fit of a good and meritorious defense, appears to us

to establish an unnecessarily harsh rule of practice. That he intended to make a defense is obvious from the fact that he was on hand, ready for trial, at the time he supposed the case was to be heard, and immediately applied to have the judgment vacated on terms.   No laches or unnecessary delay can be justly imputed to him, and there is nothing in the record to indicate that he was not proceeding in the utmost good faith, or that plaintiff would have been seriously injured by vacating the judgment, and allowing the case to be tried on its merits. The action itself is brought upon a demand which appears, from the undisputed affidavit filed by the defendant, to have been long since barred by the statute of limitations, and, although he does not place his defense upon that ground, yet it furnishes a very cogent reason why he should be allowed the benefit of a trial upon the issue as joined.   If the plaintiff's claim is just, he cannot be wronged by opening up the judgment; but, if it is unjust, a very grievous injury will be done the defendant by allowing it to stand.   Under such a state of facts, and where, as in the case at bar, the application is made soon after the default, and no serious delay or injury could have resulted to the plaintiff, the defendant should, in our opinion, have been given an opportunity to defend upon such terms as the trial court might have deemed proper.

It is true, as claimed by plaintiff's counsel, that an application to be relieved from a judgment under section 102 of the statute (Hill's Annotated Laws), is addressed to the sound discretion of the

trial court, and that its orders in the premises will not be disturbed on appeal unless there has been an abuse thereof. But, as said by Mr. Justice WOLVERTON, in *Thompson* v. *Connell*, 31 Or. (48 Pac. 468): "The discretion here spoken of is 'an impartial discretion, guided and controlled in its execution by fixed legal principles;' 'a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve, and not to defeat, the ends of substantial justice'; and for a manifest abuse thereof it is reviewable by an appellate jurisdiction,"—citing authorities. And "applications of this character," says the supreme court of California in *Watson* v. *Railroad Company*, 41 Cal. 20, "are addressed to the    *    *    *    legal discretion of the court in which the default has occurred, and should be disposed of by it as substantial justice may seem to require. Each case must be determined by its own peculiar facts, for perhaps no two cases will be found to present the same circumstances for consideration. As a general rule, however, in case where, as here, the application is made so immediately after default entered as that no considerable delay to the plaintiff is to be occasioned by permitting a defense on the merits, the court ought to incline to relieve. The exercise of the mere discretion of the court ought to tend in a reasonable degree, at least, to bring about a judgment on the very merits of the case; and when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt

should be resolved in favor of the application. In connection with its allowance, terms and conditions ought generally to be imposed upon the party in default, which, of course, should be more or less severe, as the particular circumstances would seem to warrant." This seems to be a very clear and satisfactory statement of the rule: 6 Enc. Pl. & Prac., 165 *et seq.*, and note; 1 Black on Judgments, § 354; 1 Freeman on Judgments, § 106; and a note to *Burnham* v. *Hays*, 58 Am. Dec. 389.

A reference to some of the adjudged cases will show its application. Thus, where the defendant's attorney, being about to remove from town, called at defendant's office, and left the papers in a case then pending with his bookkeeper, with instructions to tell the defendant that he would have to get another attorney on account of his departure, but the bookkeeper, being busy, and supposing the papers related to another matter, failed to give the message, and the case was set for trial, and judgment rendered therein without either the defendant or his attorney being present, it was held that the refusal of the trial court to set it aside was reversible error. *Grady* v. *Donahoo*, 108 Cal. 211 (41 Pac. 41). In *Dodge* v. *Ridenour*, 62 Cal. 263, judgment was rendered against the defendant in the absence of his counsel, who forgot the date set for the trial, and the order of the court overruling a motion to set the judgment aside was reversed by the appellate court. So, also, in *Reidy* v. *Scott*, 53 Cal. 69, it was held that a mistake of the defendant as to the day he was served with process was a sufficient

excuse for failing to answer within the time required, he having immediately applied to set aside the default; and that it was error for the court below to deny the motion. And again in *Pearson* v. *Drobaz Fishing Company*, 99 Cal. 425 (34 Pac. 76), the order was reversed because the court refused to set aside a judgment on a showing that it was obtained through a mistaken belief of counsel that the case would not be reached on the day it was set for hearing, because of other cases ahead of it on the calendar. So, also, where a defendant, immediately after service of process, commenced making preparations for his defense, but, owing to a multitude of pressing engagements, which shortly afterwards called him away from home, and out of the state, he mistook the day when his answer was due, and defaulted, it was held that the order of the circuit court in refusing to open up the default, and allow him to answer, was erroneous. *Johnson* v. *Eldred*, 13 Wis. 486. Many other cases could be cited, but these are sufficient. The order overruling the motion will be reversed, and the cause remanded to the court below, with directions to allow it, and set aside the judgment, upon such terms as may seem just and equitable.

REVERSED.