Decided 8 August, 1904.

## McFARLANE *v.* McFARLANE.

[77 Pac. 837]

APPLICATION TO OPEN DEFAULT—PRACTICE.

1. In considering an application to set aside a default order, especially where judgment has not been entered, and an answer disclosing a meritorious defense has been tendered, and the proceeding is apparently in good faith, the court should proceed with the idea of affording the parties a trial without unnecessary delay.

DISCRETION AS TO OPENING DEFAULT.

2. The discretion accorded the trial court by B. & C. Comp. § 103, in allowing an answer or reply to be filed after the time limited by the Code, is a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve, and not to defeat, the ends of substantial justice.

EXAMPLE OF ERROR IN DISCRETION—MISTAKE OF ATTORNEY.[*]

3. After the entry of a decree for divorce, procured upon service by publication, plaintiff petitioned the court for a modification of the original decree and for alimony, attorneys' fees, allowances for support of children, and costs, in pursuance of which a citation to show cause was issued to defendant. Defendant appeared specially, and challenged the jurisdiction of the court, both as to person

---

[*]NOTE.—For instances of relief against judgments entered through mistakes of attorneys see *Whereatt* v. *Ellis*, 5 Am. St. Rep. 164, *Baxter* v. *Chute*, 86 Am. St. Rep. 633, and extended note to *Peterson* v. *Koch*, 80 Am. St. Rep. 264, 271.

REPORTER.

and subject-matter, and, on his contentions being overruled, refused to plead fur-
ther, suffered default, and appealed.  On appeal he secured a reversal in part and
a remand to the trial court, where he promptly made application to be permitted
to answer and with the motion tendered an answer stating a good defense.  *Held*
that, the proceedings on defendant's part having been taken in good faith, and
in order to present his opposition to the proceedings in the most advantageous
manner, the court should have permitted him to answer to the merits, although
he was in part mistaken in his view of the law when he suffered default and took
an appeal.

From Marion : Reuben P. Boise, Judge.

The plaintiff, Elizabeth McFarlane, on February 24,
1899, commenced a suit against defendant for divorce, and,
having procured service of summons by publication, took
a decree for divorce, a third of his real property, the care
and custody of the minor children, and for costs and dis-
bursements.  Subsequently, on February 5, 1903, it being
ascertained that personal service could be had on the de-
fendant, plaintiff petitioned the court for a modification
of the original decree, and for alimony, attorney's fees, an
allowance for the support of the minor children, and costs in
the original suit, in pursuance of which a citation was issued
to the defendant, requiring him to appear and show cause
why the prayer of the petition should not be granted.  The
defendant appeared specially, and challenged the jurisdic-
tion of the court, both as to the person and the subject-
matter.   The trial court, however, maintained jurisdiction,
and, the defendant refusing to plead further, a default was
entered against him, and a decree rendered in accordance
with the prayer of the petition.  The defendant appealed
from such decree to this court, where he was in part suc-
cessful, it being held that the plaintiff was entitled in such
supplementary proceeding to a modification of the original
decree in so far only as it pertained to an allowance for
the support of the minor children, but that the court was
without jurisdiction therein to grant alimony, attorney's
fees, or costs in the original suit : *McFarlane* v. *McFarlane*,
43 Or. 477 (73 Pac. 203, 75 Pac. 139.).   Without entering a

final decree, however, the case was remanded to the trial court for such other proceedings as might be found necessary, not inconsistent with the opinion rendered. When the mandate went down, the defendant very promptly appeared, and moved the court to set aside the default, with leave to answer, basing the motion upon certain affidavits, with which an answer to the merits on the supplementary petition was tendered. This motion having been denied, and a decree rendered granting an allowance for the support of the minor children, defendant again appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. Peter H. D'Arcy* and *Mr. Geo. G. Bingham.*

For respondent there was a brief over the names of *Bonham & Martin, Woodson T. Slater,* and *William M. Kaiser,* with an oral argument by *Mr. Carey F. Martin* and *Mr. Kaiser.*

MR. JUSTICE WOLVERTON, after stating the facts in the above terms, delivered the opinion of the court.

1. The sole question presented for our consideration is whether the circuit court erred in denying defendant's motion to open up the default, and leave to file an answer to the merits. The application comes within the first, rather than the last, clause of Section 103, B. & C. Comp., the purpose of the defendant being to be relieved of a default in failing to answer, and to be allowed to answer after the time limited by the Code, and not to be relieved of a decree entered against him through his mistake, inadvertence, surprise, or excusable neglect. The decree formerly rendered had been vacated on the appeal, and nothing remained in the record but an entry of default against the defendant, and the purpose of the motion was to get rid of this, and to be allowed to answer to the merits after the time for answering had expired. The case is not

widely different from that where simple default, not a judgment or decree, has been entered against a party who has failed to appear when served with a summons, and he applies to be let in to answer to the merits, the defendant here occupying the more pardonable position. Ordinarily, if he presents reasonable grounds excusing his default, the courts are liberal in granting relief, for the policy of the law is to afford a trial upon the merits when it can be done without doing violence to the statute and established rules of practice that have grown up promotive of the regular disposition of litigation. It was the purpose of counsel, by adopting the course pursued, to present two questions: (1) That the court had no jurisdiction of the person because of the supposed defect in the service of summons in the original cause, consequently that it could have no jurisdiction in the supplementary proceeding, such proceeding being based largely upon the hypothesis that a valid decree of divorce had been previously rendered; and (2) that the court did not have jurisdiction to grant the particular relief demanded. In doing this it is further manifest that they desired to avoid any adverse effect that a general appearance might have had, either in the original or supplementary cause, in conferring jurisdiction of the person or of the subject-matter. There was at the time of entering the special appearance a judgment of department No. 1 of the circuit court of Marion County in their favor upon the first question, although subsequently reversed (*McFarlane* v. *Cornelius*, 43 Or. 513, 73 Pac. 375, 74 Pac. 468), and as to the second they were successful in part upon the appeal. It is apparent, therefore, that counsel were acting in good faith, according to their best judgment, and they were not without plausible reason for resisting a general appearance. It was not an insuperable barrier to excusing their default that they were unsuccessful in maintaining their position to the

fullest extent, while, upon the other hand, the fact that they were successful in part affords persuavive and fair argument why they should be relieved. Counsel have a legal right to present their causes upon grounds of their own choosing, and to employ all fair and honorable tactics and strategy to bring them to a successful issue. By tactics and strategy we do not mean trickery or deception, or the adoption of any measures calculated to defraud or overreach the adversary, and thereby to thwart or pervert justice; but rather their privilege to call to their aid all recognized rules of law and practice most advantageous to the maintenance of their course. That they may at times mistake the law, the rules of practice, or the application of either, is not to the purpose, for, if counsel were always right, and always agreed upon such matters, there would be but little use for courts of justice, except as triers of fact. When, however, they have acted conscientiously, and in perfect good faith, in the course pursued toward the court and the opposing parties litigant, and have reasonable grounds upon which to base their judgment, it does not stand to reason that they or their clients should be punished or suffer because it subsequently develops by judgment of the court that they were mistaken in their views of the law and the proper procedure to be adopted.

2. Now, without pursuing the matter further, it is insisted that, because counsel were mistaken as a matter of law, the court ought not to relieve defendant of his default. Every time, however, a demurrer is filed and overruled, there is an apparent mistake on the part of counsel as a matter of law; yet, if interposed in good faith, courts do not hesitate to grant leave to answer. Indeed, such is the law's behest (B. & C. Comp. § 101), and the statute under which the present relief is sought is strongly akin to that. The delay here was necessarily larger than in

such a case, but that circumstance does not detract from the force of the argument, as the course pursued was apparently the only safe method at the command of counsel by which to save all the questions desired to be presented for adjudication. The defendant has a meritorious defense, and we are called upon to determine whether there was an abuse of discretion in the trial court in denying his motion. The discretion accorded is one governed and controlled by legal principles—"a legal discretion," as was said in *Thompson* v. *Connell*, 31 Or. 231, 235 (48 Pac. 467, 65 Am. St. Rep. 818), "to be exercised in conformity with the spirit of the law, and in a manner to subserve, and not to defeat, the ends of substantial justice."

3. Taking into account the viewpoint of counsel, acting honestly and from conscientious motives, as it is very apparent they did, that the course pursued was the only way by which questions deemed vital to their defense could be most effectively presented, and their right to have the law finally determined upon the theory adopted, it not being trivial or frivolous, and there being plausible reason and authority for its support, we are of the opinion that the motion ought to have been granted, and that there was error in the exercise of the legal discretion accorded to the court in such matters in denying it. In support of these views and the conclusions here reached, see *Baxter* v. *Chute*, 50 Minn. 154 (52 N. W. 379, 36 Am. St. Rep. 633); *Whereatt* v. *Ellis*, 70 Wis. 207, 35 N. W. 314, 5 Am. St. Rep. 164).

The decree of the trial court will therefore be reversed, and the cause remanded, with directions to allow the motion to set aside the default of defendant in the supplementary proceeding, with leave to file his answer tendered to the merits, and for such other proceedings as may seem proper.                                    Reversed.