## HALL v. McCAN.

[126 Pac. 5.]

APPEAL AND ERROR—JUDGMENT—REVIEW—JUDICIAL DISCRETION—VACATING DEFAULT.

1. A motion to open a default and permit an answer on the merits is addressed to the trial court's sound discretion, which is subject to control only for abuse.

JUDGMENT—DEFAULT—VACATION—JUDICIAL DISCRETION.

2. It was not an abuse of discretion to set aside a default and permit defendant to answer on the merits, where motion to vacate was made the day after default was taken, and where the moving affidavits warranted a finding that failure to file the answer in time was due to mere miscalculation as to the time in which defendant had to answer.

APPEAL AND ERROR—APPEALABLE ORDERS—ORDER VACATING DEFAULT.

3. An order vacating a default judgment is not a final order, and hence is not appealable.

From Hood River: WILLIAM L. BRADSHAW, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action by E. O. Hall against Charles P. McCan to recover the sum of $1,250. Summons was served upon defendant on May 11, 1912, and on May 22nd a default judgment was taken against him before the clerk. On May 23rd there was filed a motion to vacate the judgment and for leave to answer. In support of the motion, plaintiff filed an affidavit of defendant to the effect that he was served with summons on Saturday, May 12th; and that early Monday morning he delivered the summons and complaint to his attorney, Geo. R. Wilbur, with instructions to make his appearance and file an answer in the case; that he left town for a week, and upon his return was informed by his attorney that his defense was being cared for; that on May 22nd he was called to the office of his attorney for the purpose of preparing his answer, and was informed that it was the last day for filing the same; that it was impossible to complete the answer that day, and he was informed by his attorney that he would arrange with the attorney for plaintiff for additional time; and that he did not know this until the morning of the 23rd of May. The affidavit of Mr. Wilbur states that he received the answer from defendant and made an estimate of the time within which it should be filed and wrongly entered the date as May 22nd; that, it being impossible to complete the answer on the 22nd, he called upon plaintiff's attorney

on that day to ask him for an extension of time in accordance with the custom of the local bar, and was then informed that the answer day was May 21st, and that plaintiff had that morning taken judgment by default. The court set aside the default and allowed defendant to answer, and from that order, plaintiff appeals. Defendant moves to dismiss the appeal.　　　　　DISMISSED.

*Mr. George R. Wilbur* for the motion.

*Mr. Ernest C. Smith, contra.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. The granting or refusing a motion to open up a default and permit an answer on the merits is a matter for the exercise of sound discretion of the court, and is never disturbed on appeal except for an abuse of that discretion. As remarked by this court in *Hanthorn* v. *Oliver*, 32 Or. 57 (51 Pac. 440: 67 Am. St. Rep. 518), quoting from *Watson* v. *Railroad Co.*, 41 Cal. 20, " 'applications of this character are addressed to the * * legal discretion of the court in which the default has occurred, and should be disposed of by it as substantial justice may seem to require. Each case must be determined by its own peculiar facts; for, perhaps, no two cases will be found to present the same circumstances for consideration. As a general rule, however, in a case where, as here, the application is made so immediately after default entered as that no considerable delay to the plaintiff is to be occasioned by permitting a defense on the merits, the court ought to incline to relieve. The exercise of the mere discretion of the court ought to tend, in a reasonable degree, at least, to bring about a judgment on the very merits of the case.' " Whatever may be the rule in other jurisdictions, this court has always been strongly inclined to uphold such rulings of the circuit courts as tend to give a party an opportunity to have his case heard upon the merits.

In the case at bar, the circuit court had jurisdiction to try matters of this character. Its jurisdiction came from the filing of a motion, which complied with the statutory requirements. In the exercise of that jurisdiction, certain evidence, in the shape of affidavits, was introduced, upon which the court based its conclusion of fact, and upon that conclusion it made an order. Whether or not the court erred in the exercise of its jurisdiction, or acted upon insufficient evidence, is not material on this appeal.

2. It is contended by appellant, and the contention is supported by a fair citation of authorities, that the court will not open up a default where the delay is occasioned by reason of a mistake of law made by the party in default or by his attorney; but in this State such a distinction is not made. The case of *McFarlane* v. *McFarlane*, 45 Or. 360 (77 Pac. 837), may be regarded as settling the rule in this State against the contention of appellant. In the case at bar, the affidavits show that defendant was prompt to secure counsel, and that counsel wrongly computed the time within which he was required to appear, and for that reason was too late in entering an appearance. Whether his mistake arose from an error in computation, or from a mistake of law as to when the ten days within which he was to appear would begin to run, is not clear, though an affidavit, filed by plaintiff's attorney, recites that defendant's counsel, in a discussion with him, thought May 22nd was his last day to answer. The court may have been of the opinion from the affidavits that the error of counsel was one of miscalculation, rather than of mistake of law. In either case there was no abuse of discretion in permitting defendant to answer to the merits.

3. An order vacating a default judgment is not a final order, and is therefore not appealable. *Bowman* v. *Holman*, 48 Or. 351 (86 Pac. 792).

The appeal will be dismissed.    DISMISSED.