Argued February 3, affirmed February 23, 1921.

## SCHIFFMAN v. ROBISON.

(195 Pac. 816.)

**Appeal and Error—Judgment—Refusal to Set Aside Default is Reversible Only for Abuse of Discretion.**

1. The granting or refusing of a motion to set aside a default is a matter resting in the sound discretion of the trial court, and should not be disturbed, unless that discretion has been abused.

**Judgment—Refusal of Motion to Set Aside Default Held not Abuse of Discretion Under the Evidence.**

2. Refusal of defendant's motion to set aside default, where his affidavit that he was served with summons in the wrong county was contradicted by the sheriff and others, and his letter to his counsel

indicated a disposition to harass plaintiff, rather that a *bona fide* defense, and he failed to furnish his counsel with the filing fees, *held* not an abuse of discretion.

From Tillamook: GEORGE R. BAGLEY, Judge.

Department 1.

The plaintiff began a suit against the Comstock Manufacturing Company and Robison, asking, among other things, to have canceled an assignment of a contract which he alleged had been made over to the Tillamook County Bank and defendant Robison as collateral security for indebtedness owing by plaintiff to said assignees, which indebtedness had been fully discharged. Personal service was made upon Robison August 23, 1919. He failed to appear or answer and on September 6th plaintiff filed a motion for entry of default for want of answer. On October 1st plaintiff asked for and obtained a decree as prayed for in the complaint, and thereafter on the same day defendant Robison filed a motion to be relieved from the default.

On October 6, 1919, defendant filed his affidavit attempting to excuse said default and proffered therewith an answer upon the merits. In the affidavit he declared that he was served with summons in Multnomah County, some time during the month of August, 1919; that he had formerly resided in Tillamook County and while there had employed one Robert McGrath as his attorney; that after he had been served and within the time allowed for his appearance, he consulted with McGrath and directed the latter to answer for him; that about three days after he was served, he sent the papers to his attorney at Tillamook by mail, and by telephone gave McGrath directions to answer for him; and that McGrath agreed to do everything necessary to make the defense. The defendant says that he believed this had been done, and had no

knowledge to the contrary until September 30th, when he called at the office of G. E. Hamaker in Portland; that he thereupon employed Hamaker and Webster Holmes, of Tillamook, to obtain for him relief from the default; that he then heard for the first time that McGrath had not filed an answer, because Robison had not advanced the filing fee; that McGrath had not requested the fee, but that the defendant would have advanced it if he had been informed that it was required; that McGrath had been employed by him previously and had never before asked for an advance of fees; further, that his affidavit and answer were not made for the purpose of delay, but that he had a good defense as shown in the answer.

The plaintiff filed counter-affidavits. In one of these, by McGrath, the affiant stated that he had read Robison's affidavit, but that the latter had never regularly retained him as an attorney and that he never advanced any filing fees in any case; that McGrath was at Tillamook when the summons was served on Robison and could have been consulted by Robison on that date; that he never heard from Robison in that connection until September 2d, the last day for answering, when that defendant called him by telephone; that McGrath consulted the plaintiff's attorney and was told that an extension of time might be effected as a favor to the affiant; that he reported this to Robison, and requested the latter to advance the filing fee of five dollars, which Robison never sent him, although he thereafter forwarded a copy of the summons and complaint to McGrath; and that after he had definitely informed Robison that he was in default, the latter did not communicate with him until September 7th, when the affiant received from him a letter dated September

2d. A copy of the letter is attached to the affidavit and contains the following:

"I herein inclose you a copy of the summons served on me, with a copy of the complaint in the matter of the suit filed by Mr. Schiffman against me.

"I want you to make them all the trouble you can in this matter, and keep them out of the use of their funds as long as possible."

The plaintiff also filed an affidavit of the wife of McGrath, corroborating the latter's declaration in regard to calling on Robison for the filing fee; and an affidavit of his attorney as to the discussion of the matter between himself and Robison before the suit was filed, and showing services on Robison in Tillamook County, with other matters incidental thereto.

Afterwards other affidavits were filed, and on the hearing the court overruled the motion. Defendant Robison appeals.                    AFFIRMED.

For appellant there was a brief over the names of *Mr. J. F. Shelton* and *Mr. G. E. Hamaker,* with an oral argument by *Mr. Shelton.*

For respondent there was a brief over the name of *Messrs. Botts & Winslow,* with an oral argument by *Mr. Botts.*

McBRIDE, J.—1. The granting or refusing a motion to set aside a default is a matter resting in the sound discretion of the court and should not be disturbed, unless that discretion has been abused: *Lovejoy* v. *Willamette Locks Co.,* 24 Or. 569 (34 Pac. 660); *Horn* v. *United Securities Co.,* 47 Or. 35 (81 Pac. 1009).

2. There was no such abuse of discretion here. The affidavit of defendant was contradicted by the return of the sheriff, as to the county in which defendant was

served, and was contradicted by the affidavits of Mr. and Mrs. McGrath in other material particulars.    The defendant's letter to McGrath indicated a disposition to delay and harass plaintiff, rather than an intention to make a *bona fide* defense.    In fact, nearly two weeks elapsed before a motion was made for a default.    The defendant failed to furnish the filing fee required, which the affidavits of Mr. and Mrs. McGrath show he was informed must be advanced by him.    He was not diligent, and must abide the consequences.

The decree of the Circuit Court is affirmed.

AFFIRMED.

BURNETT, C. J., and BENSON and HARRIS, JJ., concur.