Argued on behalf of respondent and dismissed March 9, reargued and submitted October 11, reversed and set aside October 25, 1921.

## CAPALIJA *v.* KULISH.

### (201 Pac. 545.)

**Judgment—Dilatory Pleas Before Leave to Answer by Certain Date not Considered in Motion to Set Aside Default.**

1. On a motion to set aside a default judgment, defendant having been given leave to file an answer on a day certain, prior dilatory tactics of defendant are not considered.

**Judgment—Refusal of Motion to Set Aside Default Held an Abuse of Discretion.**

2. Refusal of defendant's motion to set aside a default, where defendant while out with his fishing crew was prevented from arriving in time to answer by stress of weather, *held* an abuse of discretion.

From Clatsop: JAMES A. EAKIN, Judge.

In Banc.

The plaintiff commenced an action against the defendant for damages for breach of a contract, the substance of the complaint in which is, that the defendant hired the plaintiff as a member of the former's fishing crew for the fishing season of 1919, agreeing to pay the plaintiff a share of the net pro-

ceeds of the season's catch; and that the plaintiff entered upon the performance of the contract about May 25, 1919, and continued until August 10th of that year, when the defendant wrongfully discharged him and refused to pay him anything for the labor be had performed.    He claims damages in the sum of $800. He sues also on a similar cause of action assigned to him by another party.

The defendant filed a motion to make the complaint more definite and certain, which was denied, and afterwards interposed a demurrer on several grounds, which was overruled, and the court gave him until November 3, 1919, in which to plead further.    Nothing else having been filed on behalf of the defendant, his default was entered on November 4, 1919, and judgment rendered in favor of the plaintiff for the full amount of his claim.    On November 6th the defendant filed a motion and affidavits to set aside the judgment and for leave to file an answer which he tendered with this motion.    The essence of his showing is that he went on a fishing trip on the Pacific Ocean; that his vessel had a collision with another ship, and that he was compelled to put into port at Seattle, where he was delayed in connection with the collision, but sailed for his home port in time to have arrived and filed his answer except for the fact that he ran into foul weather and on account of the violence of the storm and the condition of his boat he could not cross the bar into the Columbia River, and by reason of this delay did not get to court in time to file his answer.    He also tenders an answer to the effect that the plaintiff himself breached the contract and the parties had an accounting and settlement in which the balance found due the plaintiff was paid

to him.   The Circuit Court denied the application to
set aside the judgment and the defendant appeals.

REVERSED AND REMANDED.

For appellant there was a brief over the name of
*Mr. C. W. Robinson,* with an oral argument by
*Mr. Arthur H. Lewis.*

For respondent there was a brief and oral argu-
ment by *Mr. Howard K. Zimmerman.*

BURNETT, C. J.—1. Much is said in opposition to
defendant's contention for leave to file his answer,
about his dilatory tactics in filing first a motion to
make the complaint more definite and certain, and
afterwards demurring to the same.   Those things
were *res adjudicatae* and were past considerations.
It was determined by the court that the defendant
should have until November 3d in which to answer
and it was his duty to answer at that time, unless
prevented by some unavoidable occurrence.   This is
the question for disposition.

2. As stated in the plaintiff's brief, the rule is that
"to justify setting aside a default judgment taken
through neglect of defendant, defendant must not
only apply for relief promptly, but he must show that
his neglect in being in default was excusable."   The
following cases are cited by the plaintiff on the issue
before us: *Payne* v. *Savage,* 51 Or. 463 (94 Pac. 750),
which was an action commenced in Marion County by
a plaintiff who with his attorneys resided in Multno-
mah County.   They delayed their reply until a day
before the expiration of the time in which to file the
same, and then sent from there to a local attorney a
motion to strike out part of the answer, but owing to

the delay of mail it came to the latter attorney a day
or two after the time it should have been filed. Leave
to reply was denied, on the ground that there was
no excuse except bald delay, which was not found to
be pardonable under the circumstances. *Nye* v. *Bill
Nye Mining Co.,* 46 Or. 302 (80 Pac. 94), was a case
where leave to answer was denied because the de-
fendant was contending that the manager of the cor-
poration was absent, but the court, scrutinizing the
record, found that the answer tendered was based
on the defendant's by-laws and that the manager's
presence was not necessary. Leave to answer was
denied in *Schiffman* v. *Robison,* 99 Or. 410 (195 Pac.
816), because the defendant's letter to his attorney,
which appeared in the record, indicated a desire on
his part wrongly to harass the plaintiff; and besides
this, a lack of diligence was disclosed by the affidavits
on file. *Stivers* v. *Byrkett,* 56 Or. 565 (108 Pac.
1014, 109 Pac. 386), is an instance where the plaintiff
was not allowed to reply after the death of a member
of the plaintiff firm, because the transaction out of
which the litigation arose was conducted by the sur-
viving member of the firm, and both he and the widow
of the decedent member knew of the counterclaim in-
terposed and both of them had informed the attorney
for the defendant that the action would be withdrawn
and no opposition made to the counterclaim. In *Diet-
zel* v. *Conroy,* 53 Or. 446 (101 Pac. 215), the defend-
ant had been arrested and had escaped and fled to
British Columbia. His attorney had notified the
plaintiff's attorney that the latter could try the case
on demurrer whenever he pleased and that nothing
further would be done with the litigation; and it was
held under these circumstances that the defendant
would not be allowed to change front to the extent

of filing an answer out of time.   In all of these cases the failure to plead in time appeared to be inexcusable.   The present case is not like any of them. Stress of weather over which he had no control prevented the defendant from arriving in time to file his answer.   His failure to answer in time was excusable on that account.   He has acted with reasonable promptness in applying for relief.

The general rule is thus stated by Mr. Justice McBride in *Hall* v. *McCan,* 62 Or. 556 (126 Pac. 5), quoting with approval the language of the Supreme Court of California in *Watson* v. *San Francisco etc. R. R. Co.,* 41 Cal. 20:

"In a case where, as here, the application is made so immediately after default entered as that no considerable delay to the plaintiff is to be occasioned by permitting a defense on the merits, the court ought to incline to relieve.   The exercise of the mere discretion of the court ought to tend, in a reasonable degree, at least, to bring about a judgment on the very merits of the case; and when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application."

This excerpt is also approved in an opinion by Mr Justice Robert S. Bean in *Hanthorn* v. *Oliver,* 32 Or. 57 (51 Pac. 440, 67 Am. St. Rep. 518).

Besides all this, courts ought to and will be more compassionate towards a defendant than to a plaintiff in default, because the latter begins the litigation and generally may withdraw his suit and begin again without material prejudice.   On the other hand, the defendant cannot abandon a case against himself. He must combat the plaintiff at his peril and if he is cast in judgment, he cannot commence again.   From

the record it appears that this cause was not decided on its actual merits. It is undisputed that the plaintiff was paid $139.84 on August 26, 1919, but no credit for this is given in his complaint. His allegation about the value of the season's catch is upon information and belief, and hence the real essence of the case was not presented for trial. The plaintiff relies greatly upon the fact that the defendant went away on a three months' fishing trip. The toilers of the sea "must take the current while it serves, or lose their ventures," and the law does not require anyone, when an action is instituted against him, absolutely to refrain from all other business. It is enough, if he answers by the day appointed. If he is prevented from answering by matters over which he has no control and which he could not reasonably have avoided, he is entitled to have the default taken off. As we view the matter, the court ought to have allowed the defendant to file his answer on the showing made, and it abused its discretion in not doing so. The judgment of the Circuit Court is reversed and the cause remanded with directions to allow the defendant to file his answer, and for such further proceedings as may be required.

REVERSED AND REMANDED.