Argued April 25, reversed and decree annulled May 22, 1928.

## ASTORIA SAVINGS BANK *v.* P. W. NORMAND ET AL.

### (267 Pac. 524.)

**Exceptions, Bill of—In Suit in Equity, Bill of Exceptions is not Required (Or. L., § 556).**

1. Under Section 556, Or. L., providing that, upon appeal from a decree given in any court, suit shall be tried anew upon the transcript and evidence accompanying it, bill of exceptions, required under Section 169 in law actions, is not required in suit in equity.

**Judgment—In Applications to Set Aside Default Judgment, Certain Degree of Neglect may be Held Excusable Where There is Meritorious Defense.**

2. In applications to set aside a default judgment, where a judgment is evidently unjust and there is a meritorious defense, certain degree of neglect may be held excusable.

**Judgment — Defendant Held Entitled to have Judgment Annulled, Where Attorney Inadvertently Entered Wrong Date in His Records, and There was Meritorious Defense (Or. L., § 103).**

3. Defendant, having an investment of about $11,000 in property involved in suit to foreclose chattel mortgage, which defendant sold, retaining title until it was paid for, *held* entitled, under Section 103, Or. L., to have default decree annulled, where failure to interpose

---

3. Vacation of judgment for negligence or mistake of counsel, see notes in 80 Am. St. Rep. 264; 96 Am. St. Rep. 108. See, also, 15 R. C. L. 711.

answer was caused by inadvertent entry by attorney of wrong date in his record regarding time for answering, and defendant had meritorious defense.

---

Appeal and Error, 4 C. J., p. 187, n. 67, p. 726, n. 17, p. 841, n. 46. Equity, 21 C. J., p. 717, n. 19, p. 718, n. 29.

From Clatsop: J. A. EAKIN, Judge.

Department 2.

This suit arises from the alleged abuse of the discretionary power of the trial court in denying the motion of defendant G. H. Leathurby Co. to set aside a default decree of mortgage foreclosure.

Defendants Normand and Mendenhall were engaged in the moving picture and theater business at Astoria, Oregon. On January 10, 1925, they entered into a contract in writing with G. H. Leathurby Co., a corporation, defendant and appellant herein, whereby the Leathurby Co. agreed to build and install for these defendants, in their theater, for the sum of $11,500, a Smith Unified Organ, title to which was to remain in the Leathurby Co. until the purchase price thereof was paid. The Leathurby Co. completed and installed the organ in accordance with their contract. On June 10, 1925, defendants Normand and Mendenhall secured a loan of $3,500 from the Astoria Savings Bank, plaintiff herein, giving as evidence thereof their promissory note payable on demand, and, on August 18, 1925, they likewise executed and delivered to the plaintiff bank their chattel mortgage on the organ above mentioned.

Defendant and cross-complainant Sanborn Dock Co., a corporation, claims a lien upon the organ by virtue of the following stipulation contained in a lease for the rental of a building, entered into between it as lessor and defendants Normand and Mendenhall as lessees:

"In order to secure the payment of the rental and lease money herein reserved, the second parties hereby mortgage unto the said first party, its successors and assigns, all of the equipment which the second parties, their heirs, personal representatives or assigns, shall or may from time to time place in said rented premises, together with all personal property and fixtures of every kind, including stage fixtures, curtains, and all other personal property of every kind, nature and description, which the second parties, or their representatives, may from time to time place in said leased premises for any purpose."

The plaintiff brought suit to foreclose the above-described chattel mortgage executed to it by defendants Normand and Mendenhall, and named as parties defendant both G. H. Leathurby Co. and Sanborn Dock Co. Sanborn Dock Co., answering, filed a cross-complaint seeking affirmative relief. The Leathurby Co. was dilatory in answering, but, after service upon it by publication, and after default judgment had been entered against it, ultimately came into court and filed its answer and cross-complaint. Motion was made to vacate the default decree, which was denied by the court. Then followed this appeal.

REVERSED. DECREE ANNULLED.

For appellant there was a brief and oral argument by *Mr. S. J. Bischoff.*

For respondents there was a brief over the names of *Messrs. G. C. & A. C. Fulton,* with an oral argument by *Mr. A. C. Fulton.*

BROWN, J.—Did the court abuse its discretion in denying the motion to vacate the decree? This is the single question to be determined here. The motion is

requested on the ground that the failure to file an answer on or before April 7, 1926, was due to mistake, inadvertence and excusable neglect. In support of the motion S. J. Bischoff, attorney for appellant, said:

"I am the attorney for the defendant G. H. Leathurby Co. * *

"This suit was commenced on or about the first day of December, 1925, to foreclose a chattel mortgage alleged to have been made by defendants Normand and Mendenhall to the plaintiff, covering a certain organ located in the Riviera Theatre in the city of Astoria. * * At the time of the commencement of this suit, the Sanborn Dock Co. was not a party thereto. * *

"On January 21, 1926, plaintiff filed an amended complaint, in which this defendant was designated as G. H. Leathurby Co., a corporation, and the Sanborn Dock Co., a corporation, was made a party defendant.

"On January 20, 1926, an order was entered herein making the Sanborn Dock Co. a party defendant, and directing that service of the amended complaint be made on that defendant. * *

"On April 14, 1926, the Sanborn Dock Co. filed an answer to the amended complaint and cross-complaint against the plaintiff and defendant G. H. Leathurby Co., in which the Sanborn Dock Co. alleges that it holds a mortgage upon the property described in the complaint, which mortgage is superior to any right, title or interest which defendant G. H. Leathurby may have, and praying that the rights of G. H. Leathurby Co. be foreclosed. This cross-complaint of defendant Sanborn Dock Co. has never been served upon defendant G. H. Leathurby Co. * *

"On April 15, 1926, the day following the filing of the cross-complaint by Sanborn Dock Co., plaintiff took an order of default against all defendants except defendant Sanborn Dock Co., and on the same day took a decree by default, in which it is decreed that the plaintiff's lien is prior to any right, title or interest which G. H. Leathurby Co. may have, and it is

further decreed that the mortgage or lien of the San-born Dock Co. is superior to any claim or right, title or interest of the G. H. Leathurby Co. This decree was taken in favor of the Sanborn Dock Co., notwith-standing the fact that the cross-complaint of said de-fendant was never served upon the G. H. Leathurby Co. * *

"Affiant maintains an office in Portland, Oregon.

"On April 15th, I forwarded a duly verified answer and cross-complaint to Mr. Frank Spittle of Astoria, Oregon, for service on G. C. and A. C. Fulton, attor-neys for plaintiff, and also a copy of the answer and cross-complaint and summons directed to defendant Sanborn Dock Co., to be handed to the sheriff of Clat-sop County for service on defendant Sanborn Dock Co.

"I am informed that the said answer and cross-complaint was served on G. C. and A. C. Fulton in Astoria, Oregon, on April 16, 1926, and receipt of ser-vice was indorsed upon the answer by the said G. C. and A. C. Fulton; and that the said cross-complaint and summons were delivered to the sheriff of Clatsop County for service on defendant Sanborn Dock Co.; that the sheriff has not yet made service of said sum-mons and cross-complaint on defendant Sanborn Dock Co.

"The aforesaid answer and cross-complaint of G. H. Leathurby Co. was filed with the county clerk, and the same is herein referred to and made a part hereof, as if herein fully and at length set forth.

"The failure to serve and file the answer and cross-complaint on the plaintiff on or before April 7, 1926, was due to my mistake, inadvertence and *inexcusable neglect* on my part, in that through error I entered in my diary in which I keep records of the dates upon which service of papers is to be made, that the last day of answering or appearing herein would be on May 7th instead of April 7th. I inadvertently turned to May instead of April. At the time that I made the entry in the diary I intended to make the entry on the date of April 7th and I believed that I had

done so, but through mistake entered it on May 7th instead of April 7th; and at the time that I prepared the answer, I believed that I had ample time within which to interpose the same.

"The reason that I did not sooner interpose the answer was due to the fact that I was waiting for the defendant Sanborn Dock Co. to interpose an answer or cross-complaint and to serve copies thereof on this defendant, so that I could prepare an answer and cross-complaint both to the plaintiff's amended complaint and to the cross-complaint of Sanborn Dock Co.

"There was no intention or desire on my part to delay the interposition of the answer. I believed that the issues would be more speedily made up by awaiting the service of the answer of the defendant Sanborn Dock Co. so that one answer and cross-complaint would be necessary on the part of G. H. Leathurby Co.; but when the time within which to answer to plaintiff's complaint was drawing close, I prepared the answer and cross-complaint without awaiting service of the Sanborn Dock Co.'s answer and cross-complaint * * .

"The defendant G. H. Leathurby Co. has a good, valid and meritorious defense to the cause of suit set forth in the cross-complaint of defendant Sanborn Dock Co., and the G. H. Leathurby Co., has a good and meritorious cause of suit against the plaintiff and the other codefendants, for the possession of the personal property described in the pleadings.

"The facts are that the G. H. Leathurby Co. sold the organ in question, valued at about $11,000, to defendants Normand and Mendenhall, upon a written contract, pursuant to which the G. H. Leathurby Co. was, at its option, to retain title thereto, when the property would be delivered, or secure the payment of the purchase price by chattel mortgage thereon; and delivery of the property was made pursuant to such written agreement, the terms of which are substantially set forth in this defendant's cross-complaint.

"Neither plaintiff nor Sanborn Dock Co. occupy the positions of *bona fide* purchasers, transferees, or lien holders for value; for it appears from the pleadings that plaintiff made the loan of the money to Normand and Mendenhall on June 10, 1925, and took their note on said date therefor. At that time the organ was not owned or in the possession of Normand and Mendenhall, but was subsequently delivered. The mortgage * * was made in August of 1925, to secure the then existing and past due indebtedness, and in the case of Sanborn Dock Co. it claims to have a mortgage on the said property by virtue of a provision in the lease giving the Sanborn Dock Co. security upon all of the property described in the lease, to secure the Sanborn Dock Co. for the payment of the rents reserved in said lease. This lease and the provisions for the lien contained therein were made and entered into long prior to the time that Normand and Mendenhall purchased the said organ and obtained delivery thereof from G. H. Leathurby Co., and the said Sanborn Dock Co. parted with no money or value.

"The answer and cross-complaint of G. H. Leathurby Co. was served two days after the answer and cross-complaint of defendant Sanborn Dock Co. was filed, and before it was ever served. * *

"The first knowledge that I had that a decree was entered was on the receipt of a letter * * at my office * * on April 19th. On said date I was engaged in the United States District Court * * .

"This defendant intends in good faith to defend the suit."

1. The plaintiff asserts that, because of the absence of a bill of exceptions this court is precluded from examining the affidavits in support of defendant's motion to vacate the decree.

Our Code provides for the settlement of bills of exceptions in actions at law: Or. L., § 169. It further provides:

"And upon an appeal from a decree given in any court, the suit shall be tried anew upon the transcript and evidence accompanying it." Or. L., § 556.

This being a suit in equity, a bill of exceptions is not required. See, also, *Sutherlin* v. *Bloomer,* 50 Or. 398 (93 Pac. 135); *Byrd* v. *Cooper,* 69 Or. 406 (139 Pac. 104); *Turner* v. *Hendryx,* 86 Or. 590 (167 Pac. 1019; 169 Pac. 109). The cases cited by plaintiff in support of its contention were actions at law, and have no application here.

Section 103, Or. L., provides that the court may, in its discretion, and upon such terms as may be just, relieve a party from a decree taken against him through his mistake, inadvertence, surprise or excusable neglect. Our reports are replete with decisions rendered in pursuance of this section.

In the case of *Thompson* v. *Connell,* 31 Or. 231 (48 Pac. 467, 65 Am. St. Rep. 818), the question involving the discretion vested in the court in the application of the provisions of the foregoing section was before the court, and, in rendering the opinion, Mr. Justice Wolverton said:

"The discretion here spoken of is an 'impartial discretion, guided and controlled in its exercise by fixed legal principles'; 'a legal discretion to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to defeat the ends of substantial justice.'"

Again, in *Fildew* v. *Milner,* 57 Or. 16 (109 Pac. 1092), this court held Section 103 to be an enactment remedial in character, and that it ought to receive a liberal interpretation.

In the case of *Fretland* v. *Cantrall,* 78 Or. 439 (153 Pac. 479), the same question was before the court;

and, after considering the facts at issue, the court thus stated its view:

"By mistake plaintiff has not been accorded a trial nor 'had his day in court.' Under all the conditions, we are of the opinion that the trial court erred in the exercise of its discretion in refusing to relieve the plaintiff from the judgment in question."

By reason of the foregoing, the default judgment in that case was ordered vacated.

See, also, the recent case of *Bratt* v. *Industrial Acc. Com.,* 114 Or. 644 (236 Pac. 478), where the court again approved the frequently announced doctrine that the discretion granted to the Circuit Court by Section 103 is to be exercised in a manner to subserve, and not to defeat, the ends of substantial justice.

A very interesting case treating of this discretionary power vested in the Circuit Court is *Capalija* v. *Kulish,* 101 Or. 666 (201 Pac. 545). In that case Mr. Justice Burnett, in rendering the opinion for the court, held that, in the consideration of a motion of this character, prior dilatory tactics of the defendant should not be considered. The learned jurist likewise approved the following familiar language quoted by this court in *Hanthorn* v. *Oliver,* 32 Or. 57 (51 Pac. 440, 67 Am. St. Rep. 518), and in *Hall* v. *McCan,* 62 Or. 556 (126 Pac. 5):

"In a case where, as here, the application is made so immediately after default entered as that no considerable delay to the plaintiff is to be occasioned by permitting a defense on the merits, the court ought to incline to relieve. The exercise of the mere discretion of the court ought to tend, in a reasonable degree, at least, to bring about a judgment on the very merits of the case; and when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better as a general

rule that the doubt should be resolved in favor of the application." *Watson* v. *San Francisco R. R. Co.,* 41 Cal. 20.

2. The attorney for defendant and appellant in this case is not free from negligence and carelessness; and if our decision herein depended alone upon the excuse of counsel as set forth in his affidavit, we should not hesitate to deny his motion. However, as was said in *Waugh* v. *Suter,* 3 Ill. App. 271:

"In applications to set aside default, we regard the point of a meritorious defense as altogether the more important of the two required, and where the judgment is evidently unjust a certain degree of neglect may * * be held * * excusable."

The recent case of *Fuel City Mfg. Co.* v. *Waynesburg Products Corp.,* 268 Pa. 441 (112 Atl. 145), involved an application to open the default judgment entered as result of an oversight of counsel as to date required to appear and answer. In its disposition of the case, the court there held that, to deprive a party of trial by jury in a case involving over $12,000, because of an honest oversight of counsel corrected within six days, constitutes an abuse of discretion. The reasoning employed in this case is sound, and we believe the holding therein to be equitable and just.

3. As bearing on the question, 1 Freeman on Judgments (6 ed.), Section 249, thus states the rule:

"The inadvertent entry by an attorney of a wrong date in his record of the proceedings to be taken in a cause may be sufficient ground for relief."

See, also, the authorities there collated in notes 14–18, inclusive.

According to the showing made here by the application of G. H. Leathurby Co. for an order to vacate

the decree, that company has an investment of about $11,000 in the organ involved herein. It asserts that the claim of Astoria Savings Bank was a chattel mortgage given to secure a pre-existing debt, i. e., a debt that existed before the organ was ever installed in the theater. And it likewise appears that the claim of Sanborn Dock Co. arises out of an indebtedness due from Normand and Mendenhall for rent.

We are not making any determination in relation to the priority of the respective claims. We have referred to the several liens solely for the purpose of showing that, according to the application to set aside this judgment, there exists a controversy that should be determined upon its merits. If the Leathurby Co. does, in fact, own the organ, clear of all liens, it is not right or just that it be taken by the plaintiff to satisfy its obligation, thus precluding the possibility of a recovery by that company of its property.

The holding of the trial court in refusing to vacate the decree based upon the default order will be reversed and the decree annulled.

Owing to the appellant's negligence, neither party will recover costs in this court.

REVERSED AND DECREE ANNULLED.

RAND, C. J., and BEAN and BELT, JJ., concur.