Submitted on briefs April 7; reversed April 21, 1931

McAULIFFE *v.* McAULIFFE

(298 P. 239)

*J. H. Carnahan,* of Klamath Falls, for appellant.

*F. H. Mills,* of Klamath Falls, for respondent.

BEAN, C. J.  This is an action for damages for assault and battery.  The complaint was filed November 23, 1928.  Defendant employed an attorney and a demurrer was interposed by defendant; thereafter the

case appears to have slumbered for about a year, dur-- ing which time there were negotiations for a compro- mise and settlement. The demurrer was overruled on October 2, 1929, and defendant was given ten days to further plead. On December 6, 1929, defendant prepared and verified an answer to the complaint, denying the material allegations thereof and further averring, in effect, that the plaintiff unlawfully assaulted the de- fendant and that the defendant acted in self-defense, using no more force than necessary, to repel the assault. The attorney for defendant experienced some difficulty in finding the plaintiff's attorney for the purpose of serving a copy of the answer upon him, and the answer not being filed, on motion of plaintiff for a default, on January 9, 1930, the court entered a judgment for want of an answer against defendant in the sum of $1,055 and costs.

■ The defendant asserts that the judgment was entered without service upon him of a copy of the form of the order plaintiff proposed to ask for, under rule 11 of the circuit court of Klamath county, which pro- vides as follows:

"Any attorney intending to make a motion for a default order shall first serve on the adverse party, if one has appeared, or is known in the case, a copy of the form of the order he proposes to ask for. * * *"

The rules of the circuit court, within the scope of the court's authority, where they do not contravene the provisions of the constitution or statutes, have the effect of law and are as binding as the statute: *Oxman v. Baker County*, 115 Or. 436 (234 P. 799, 236 P. 1040); *Francis v. Mutual Life Ins. Co.*, 61 Or. 141 (114 P. 921).

Defendant also assigns error in entering the judg- ment without assessing the damages according to the

provisions of subdivision 2, section 2-1101, Oregon Code 1930, which, in cases of default for want of an answer, reads thus:

"Provided, however, that in all cases where the cause of action is for damage which is not liquidated, if a jury shall, by either party be demanded to assess the damage, the court before which such action is pending must grant such jury trial, or, if neither party demand a jury the damage may be assessed by the court."

The defendant was engaged in the sheep business and was absent from Klamath Falls for a time before the default was entered, and was not aware of the same until proceedings upon execution were taken. On February 1, 1930, defendant filed a motion to vacate the judgment and tendered his duly verified answer, together with the affidavit of defendant and one of his attorneys. It is shown that default was taken without notice to either defendant or his attorney, while the case was under negotiations for an amicable compromise. The attorney for defendant, among other things, states in his affidavit, in part, as follows:

"That negotiations were continued between the parties for a settlement, until on or about December 6, an answer was prepared and verified by the defendant setting up a bona fide defense to the complaint of the plaintiff and left in my office for service.

"That at that time defendant told me he was sure that he could still make a settlement as he did not wish to appear in court owing to the publicity attendant upon an action of this kind between cousins, and that he felt sure an amicable settlement could be made between the parties.

"Inasmuch as the case had been under discussion for such a long period I did not exercise the promptness which I should have in obtaining the service on plaintiff's attorney with the said answer. I spoke to plaintiff's attorney about the said answer and told him

I had it and we talked about setting the case for trial in the event that no settlement could be reached.

"* * * I had no idea that a default would be taken."

There was some misunderstanding between the attorney for plaintiff and attorney for defendant, but no dispute. Plaintiff's attorney understood that defendant's attorney knew that he was intending to file an answer, while defendant's attorney did not so understand. The plaintiff's attorney states that he had importuned defendant to settle the case, and it is clear that there was some attempt made to compromise. The case having been permitted to slumber for such a length of time, it would seem that the defendant was led to believe that the case would not be tried.

■ The court erred in entering a judgment without assessing the unliquidated damages: Oregon Code 1930, § 2-1101, subd. 2. See *Vuilleumier v. Oregon Water Power & R. Co.*, 55 Or. 129 (105 P. 706). The judgment must be set aside.

■ In view of all the circumstances of the case, as the defendant has not had a trial and as the damages must be assessed and determined, we think that the defendant should be permitted to file his answer. The defendant was evidently surprised by the entry of default against him, and, considering all the facts shown, any negligence upon his part would appear to be excusable: Oregon Code 1930, § 1-907.

It is stated in *Thompson v. Connell*, 31 Or. 231, 235 (48 P. 467, 65 Am. St. Rep. 818), quoted in *Bratt v. State Ind. Accident Commission,* 114 Or. 644, 648 (236 P. 478), as follows:

"The discretion granted the circuit court in section 103, Oregon Laws [§ 1-907, Oregon Code 1930], is 'a legal discretion to be exercised in conformity with the

spirit of the law, and in a manner to subserve and not to defeat the ends of substantial justice.' " See also *Astoria Savings Bank v. Normand,* 125 Or. 347 (267 P. 524).

■■ Where a defendant, against whom a default has been taken, when he thought that negotiations for a settlement were still pending and he continued to so believe until proceedings upon execution were begun, afterwards promptly files his motion to vacate the default, he is entitled to relief: *Li Sai Cheuk v. Lee Lung,* 79 Or. 563 (146 P. 94, 156 P. 254). Courts are more favorable toward a defendant than a plaintiff in default. Plaintiff, who begins the litigation, generally may withdraw his suit and begin again without material prejudice, while the defendant cannot abandon the case against himself: *Capalija v. Kulish,* 101 Or. 666 (201 P. 545).

The judgment of the circuit court is reversed and the cause will be remanded for such further proceedings as may be deemed proper not inconsistent herewith.