Argued at Pendleton October 26; reversed November 2, 1937

# SNYDER *v.* CONSOLIDATED HIGHWAY CO., INC.

(72 P. (2d) 932)

*Lamar Tooze*, of Portland (Ernest C. Sinnett, D. Stanley Boggs, and Jaureguy & Tooze, all of Portland, on the brief), for appellant.

*J. A. Burleigh*, of Enterprise (Burleigh & Burleigh, of Enterprise, on the brief), for respondent.

BEAN, C. J. Defendant assigns that the court erred in denying its motion to set aside the order of default and judgment. Section 1-907, Oregon Code 1930, affording relief to a party against whom a judgment has been taken by default on account of his mistake, inadvertence or excusable neglect, is a remedial statute and is given a remedial interpretation: *McFarlane v. McFarlane,* 45 Or. 360 (77 P. 837); *Thompson v. Con-*

*nell,* 31 Or. 231 (48 P. 467, 65 Am. St. Rep. 818) ; *Fildew v. Milner,* 57 Or. 16 (109 P. 1092) ; *Bratt v. State Industrial Accident Comm.,* 114 Or. 644 (236 P. 478) ; *McCoy v. Huntley,* 53 Or. 229 (99 P. 932).

■ It is a rule that where a party in default makes a prompt application for relief and has a meritorious defense, this is deemed to be an important consideration in determining whether relief should be granted: *Hanthorn v. Oliver,* 32 Or. 57 (51 P. 440, 67 Am. St. Rep. 518) ; *Johnston v. Braymill White Pine Co.,* 142 Or. 95 (19 P. (2d) 93).

■ As a general rule the court looks with more favor upon the application for relief of a defendant in default than upon a similar application by a defaulted plaintiff: *Capalija v. Kulish,* 101 Or. 666 (201 P. 545) ; *McAuliffe v. McAuliffe,* 136 Or. 168 (298 P. 239).

Section 1-907, Oregon Code 1930, provides:

"The court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done after the time limited by this code, or by an order enlarge such time; and may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

■ In several decisions this court has construed this statute liberally to the end that every litigant shall have his day in court and his rights and duties determined only after a trial upon the merits of the controversy. In the case of *McFarlane v. McFarlane,* supra, where the lower court denied the motion to set aside the default decree, this court reversed the case, and, speaking by Mr. Justice WOLVERTON, at page 363, said:

"Ordinarily, if he presents reasonable grounds excusing his default, the courts are liberal in granting re-

lief, for the policy of the law is to afford a trial upon the merits when it can be done without doing violence to the statute and established rules of practice that have grown up promotive of the regular disposition of litigation.''

■ The same learned justice construed section 1-907, Oregon Code 1930, in *Thompson v. Connell,* supra, at page 235, where we find recorded the following language:

''True, the grant of such relief rests within the discretion of the court, but the discretion here spoken of is an 'impartial discretion, guided and controlled in its exercise by fixed legal principles;' 'a legal discretion to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to defeat the ends of substantial justice,' and for a manifest abuse thereof it is reviewable by an appellate jurisdiction.'' See also *Fildew v. Milner,* supra.

In *McCoy v. Huntley,* supra, Mr. Chief Justice MOORE, as shown on page 236, said:

''The authority conferred by statute upon a court to vacate a judgment or a decree after the close of the term during which it was given (section 103, B. & C. Comp.) is not an arbitrary power, to be employed at pleasure in granting or denying the summary relief invoked, but is a legal discrimination, to be exercised in furtherance of justice, and in accordance with the rules of modern jurisprudence.''

The record clearly shows that defendant's failure to file his answer within the time limited by the code was due to an innocent mistake on the part of defendant as to the time for answering plaintiff's complaint. Defendant made prompt application for relief and we think has shown good reasons therefor.

■ The legal discretion to be exercised in the premises, guided by the principles of law as expounded many

times by this court, demands that the judgment be set aside and that defendant be allowed his day in court to try the case, which is a very proper case for a jury to pass upon. The rule is that a motion to open up a default and set aside a judgment should be accompanied with an answer showing a meritorious defense: *Johnston v. Braymill Co.*, supra. A reading of defendant's answer and counterclaim is sufficient to show that a meritorious defense and a valid counterclaim were alleged. The amount claimed on either side is not large and a delay has been caused largely since the motion to set aside the default was overruled. A party should have a trial of his cause on the merits. A judgment should not be rendered against a defendant where a default has been caused by an excusable mistake, such as was shown in the instant case. We think the principles of law heretofore referred to call for a reversal of the judgment. We are unable to see that under the law any different rule should be applied in a county in which only two jury terms of court are held each year than in any other county.

The judgment of the circuit court will therefore be reversed and the cause remanded for further proceedings.

BAILEY, RAND, BELT and LUSK, JJ., concur.