## CYRUS E. BROWN *vs.* IDA J. STILLMAN.

### April 3, 1890.

**Conveyance of Mortgaged Land—First Mortgage Assumed by Grantee—Second Agreed to be Paid by Grantor.**—A mortgaged a certain lot to B, and then conveyed the same to C, subject to the mortgage, without any assumption clause in the deed. C thereupon conveyed to D, subject to the same and a second mortgage, by warranty deed, and thereby also expressly agreed to pay and discharge the second mortgage, his grantee assuming the first mortgage. *Held,* that the land passed to D charged with the incumbrance of the mortgage made by A, as the primary fund for its payment, but that, C not being personally liable to pay the same, the covenants in the deed between him and his grantee must be construed as mutual covenants of indemnity as respects the incumbrances upon the land, and did not make D personally liable, legally or equitably, to B, the first mortgagee, as principal debtor or otherwise.

Plaintiff having paid the amount of the interest coupon note due March 1, 1888, and secured by mortgage made by plaintiff March 1, 1887, being the first of the mortgages mentioned in the opinion, brought this action in the district court for Hennepin county, to recover from defendant the amount so paid with interest. The action was tried by *Rea,* J., who ordered judgment for plaintiff. The defendant appeals from an order refusing a new trial.

*R. L. Stillman,* for appellant.

*Woods & Kingman* and *Edward C. Gale,* for respondent.

VANDERBURGH, J. The plaintiff, on the 1st day of March, 1887, owned the certain town lot described in the complaint, and on that day executed a mortgage thereon to secure a certain negotiable note, with interest. A few days later the plaintiff sold and conveyed the mortgaged premises by warranty deed to one Darrow, subject to the mortgage, and thereafter, in May, 1887, Darrow conveyed the same premises by warranty deed to a corporation known as the "Barber Supply & Exchange Company," also subject to the mortgage; and, lastly, on the 3d day of September, the Barber Supply & Exchange Company sold and conveyed the same land to the defendant in this action. The mortgage was to run three years, and the first instalment of interest became due March 3, 1888, being a negotiable coupon interest note. There were no covenants by the grantees in the deeds to Darrow and the Barber Supply Company, respectively, to assume and pay the mortgage, but each took the land subject thereto. But the deed to the defendant contained the following provision and stipulation in respect to that mortgage and a second mortgage therein referred to, viz.: "Subject, nevertheless, to two certain mortgages,—one first mortgage, given to secure the payment of the sum of three thousand (3,000) dollars, which said second party [defendant] assumes; and one certain second mortgage, upon which there is remaining unpaid the sum of two thousand five hundred dollars, ($2,500,) which said first party agrees to pay and satisfy on or before the 3d day of March, 1888."

The first coupon interest note, amounting to $221.94, was paid by the plaintiff as maker of the original note and mortgage, after maturity; and he now brings this action to recover of the defendant the

amount so paid, on the ground that, by virtue of the stipulation in the deed above quoted, the defendant became personally and primarily liable to pay the debt secured by the mortgage.    To this legal proposition we are unable to give our assent.    In construing this clause, and in endeavoring to ascertain the intention of the parties, we must consider their relations to the land conveyed, and to the original mortgage thereon.    As above stated, in the prior deeds referred to, the land was conveyed simply "subject" to the mortgage, without any assumption clause.    The effect of the deed from the original grantor to Darrow, then, was to make the land the primary fund for the payment of the mortgage, without any personal liability on the part of the grantee, so that, in case the plaintiff was compelled to pay the mortgage debt, he might be subrogated to the rights of the mortgagee as respects the land.    The land thereafter passed to the defendant's grantor charged in like manner with the same liability, such grantor owing no other debt or duty to the mortgagee or the mortgagor, this plaintiff.    He conveyed to the defendant by deed of warranty.    The land was, it seems, subject to two mortgages; and, if the grantor's liability upon his covenants was to be qualified as respects either, it was necessary that there should be inserted in the deed a suitable stipulation expressing the agreement of the parties as to which he should pay and discharge the land from, and which he should be indemnified against.    These are the circumstances under which the contract between these parties is to be construed, and the nature of the defendant's obligation ascertained.    As to the second mortgage, it was clearly the intention that the grantor should remain personally liable,—not merely by virtue of his covenants in the deed, but that he should pay it off, and thereby discharge the land therefrom within the time specified.    But the first mortgage he was not to become or remain responsible for by reason of his covenants in the deed.    As to that incumbrance, the defendant took the land *cum onere*, and charged with it, as the primary fund for its payment; and the clause, "which said second party [defendant] hereby assumes," was merely intended to declare, as between the parties, that the defendant assumed the incumbrance *quoad* the land, so as to indemnify the grantor against his covenants.    Since the grantor

was not personally obligated to pay it, it could not be material to him how the mortgage was paid,—whether by foreclosure, or payment by the grantee personally, in case the latter should wish to retain the title. It certainly would not be a reasonable or equitable interpretation of this contract to hold that the parties intended, under such circumstances, to make the grantee (defendant) the principal debtor, and the land simply collateral security to such personal liability. The language must be construed with reference to the nature and purpose of the agreement entered into by the parties.

The assumption clause in this deed, under the circumstances of this case, does not fall within the rule in *Follansbee* v. *Johnson*, 28 Minn. 311, (9 N. W. Rep. 882,) and similar cases in this court. Here there is nothing to warrant the inference that the contract was made for the benefit of the mortgagee or the plaintiff. He was not put forward as the party to whom the consideration was to be paid, or to receive a part of it reserved in the hands of the grantee for his benefit; nor was there any debt or obligation due from the grantor which the grantee assumed to pay as part of the consideration, and thus made his own debt. *Vrooman* v. *Turner*, 69 N. Y. 280; *King* v. *Whiteley*, 10 Paige, 465.

The construction we have given to this clause in the deed in question, is, we believe, in accordance with the great weight of authority, though the courts are not agreed on the question. Thomas, Mortg. § 590, and cases; 1 Jones, Mortg. §§ 755, 760. Any other rule would, in many cases, work serious injustice.

Order reversed.