Decided 19 December, 1898.

## PORTLAND TRUST CO. *v.* NUNN.

[55 Pac. 441.]

LIABILITY OF GRANTEE OF MORTGAGED PROPERTY.—The grantee of mortgaged premises under a deed reciting that he assumes and agrees to pay the mortgage debt is not personally liable to the mortgagee, if his immediate grantor was not personally bound: *Young Men's Association* v. *Croft*, 34 Or. 106, followed.

From Multnomah : LOYAL B. STEARNS, Judge.

Suit to foreclose a mortgage. Plaintiff appeals.

AFFIRMED.

*Messrs. Bernstein & Cohen* for appellant.

*Mr. Lawrence A. McNary* for respondent.

MR. JUSTICE MOORE delivered the opinion.

This is a suit to foreclose a real estate mortgage, and to recover any deficiency that may remain after the sale of the mortgaged premises from a grantee thereof, who had assumed and agreed to pay the mortgage debt, notwithstanding his immediate grantors were not personally

liable therefor.   It is alleged in the complaint that E. A. and Adith L. Stearns, on November 9, 1890, executed to plaintiff, as trustee for the American Fire Insurance Company, of Philadelphia, a mortgage upon lots 7 and 8, in block 82, in Carter's Addition to the City of Portland, Oregon, to secure the payment of a promissory note for $2,000, due in three years, with interest at eight per cent. per annum, payable quarterly; that E. A. and Adith L. Stearns thereafter conveyed said premises to G. M. Stearns, subject to the mortgage; that G. M. Stearns and his wife, on April 16, 1891, conveyed said land to Richard Nunn, who, as a part of the consideration therefor, accepted a deed which recited that he assumed and agreed to pay the said mortgage debt; that on March 20, 1893, Nunn conveyed the said lots to Hattie De Burgh, who also covenanted to pay the said debt; that Mrs. De Burgh and her husband, on August 22, 1894, conveyed the premises to the Telfer & Stearns Real Estate Company, a corporation.   The complaint is otherwise in the usual form, and prays for a personal judgment against E. A. and Adith L. Stearns, Richard Nunn, and Hattie De Burgh.   The defendant Nunn, appearing for himself only, demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of suit against him, and, the demurrer having been sustained, plaintiff declined to amend its complaint, whereupon the suit was dismissed as to Nunn, and plaintiff appeals.

The question presented by this appeal was considered in the case of *Young Men's Association* v. *Croft*, 34 Or. 106 (55 Pac. 439), and decided adversely to plaintiff's contention, and for the reasons announced in that case, the decree is affirmed.

AFFIRMED.