## GENERAL ELECTRIC COMPANY v. W. G. JORDAN.[1]

June 1, 1917.

Nos. 20,276—(97).

**Contract — promise for benefit of third person — action by third person.**

    1. In an action to recover for merchandise the defendant claimed a credit or offset which the plaintiff, upon purchasing property from a third party, agreed with his vendor to give. The defendant was a stranger to the contract of purchase, was not in privity with the vendor, the vendor was under no duty or obligation to the defendant, and the defendant gave no consideration. Following Jefferson v. Asch, 53 Minn. 446, and other cases, it is *held* that the defendant cannot avail himself of the agreement for a credit.

**Evidence — admission — credit memorandum.**

    2. A credit memorandum, executed by the plaintiff in favor of the defendant, was not a binding admission upon the plaintiff, and the finding of the court against the defendant's claim of a credit is sustained.

Action in the district court for Hennepin county to recover $584.37 for merchandise sold. The case was tried before Leary, J., who made findings and ordered judgment in favor of plaintiff for $478. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*J. H. Morse,* for appellant.
*Wright & Wright,* for respondent.

DIBELL, C.

This is an action to recover $584.37 for merchandise sold. The sale is admitted. Defendant claims a credit of $371. The court allowed him $106.47. He appeals from the order denying his motion for a new trial.

---

    [1]Reported in 162 N. W. 1061.

The facts are these: In 1914 one Van Duzee did business at Minneapolis under the trade name of the Superior Electric Manufacturing Company. About January 1, 1915, he sold to the defendant Jordan, who continued the business under the same trade-name. One Eickenberg was employed by Van Duzee and continued with Jordan. He and the States Electric Company owned a patent for a push-button switch. Van Duzee had been putting out these switches and Jordan continued doing so. The plaintiff manufactured them for Van Duzee and later for Jordan. Their manufacture required special tools and because of this the plaintiff made an extra charge called a tool charge. Eickenberg and the States Electric Company in the early part of 1915 sold the patent to the plaintiff for $500, and the plaintiff agreed that it would place to the credit of the Superior Electric Manufacturing Company an amount equal to the so-called tool charge which was $371. For this amount it issued a credit memorandum in favor of the Superior Electric Manufacturing Company. The defendant has this memorandum. In allowing the defendant the credit of $106.47 the court applied the $371 *pro rata* upon the amounts paid by Van Duzee and by Jordan for switches, treating the credit as a rebate or refund. Jordan claims that he was the company in 1915 when the agreement for a credit was made and should have the whole of it. There are two questions:

(1) Whether the defendant can avail himself of the agreement for a credit made upon the sale of the patent.

(2) Whether the giving of the credit memorandum is binding upon the plaintiff as an admission.

1. Under the evidence the plaintiff was under no obligation to refund or rebate the $371 either to Van Duzee or to Jordan. The credit is not claimed upon the theory that it was. It is claimed because of the agreement made at the time of the sale of the patent right. In our consideration of the defendant's contention we assume but we do not hold that the evidence conclusively shows that the understanding was that all of the credit was to go to Jordan. The situation then is this: Jordan was indebted to the plaintiff company in the sum of $584.37. Eickenberg and the States Electric Company sold their patent to the plaintiff for $500 and the plaintiff agreed to allow Jordan a credit of $371. Jordan was a stranger to the transaction for the sale of the

patent. He gave no consideration. Eickenberg did not owe him and was under no duty or obligation to secure a credit or refund for him. The facts come directly within the principle of Kramer v. Gardner, 104· Minn. 370, 116 N. W. 925, 22 L. R. A. (N. S.) 492; Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604, 25 L. R. A. 257, 39 Am. St. 618; Union Railway Storage Co. v. McDermott, 53 Minn. 407, 55 N. W. 606; Brown v. Stillman, 43 Minn. 126, 45 N. W. 2. These cases hold that under such facts a stranger, paying no consideration, not in privity with the parties to the contract, and the promisee being under no duty or obligation to him cannot recover upon the promise. It is not necessary to discuss the basis of the doctrine. It is considered in the cases cited. In 15 Harvard L. R. 767, is a critical discussion.

2. The credit memorandum issued by the plaintiff in favor of the Superior Company, and in the possession of the defendant, is evidence of a proper offset, in the nature of an admission, though not a binding one. The general finding of the court is against it. The finding is sustained. Indeed a contrary one, in view of the facts detailed in the evidence, and the law as applied in the preceding paragraph, would be difficult to sustain.

Order affirmed.