Argued at Pendleton May 1; affirmed June 20; rehearing denied
July 18, 1933

# HURST ET UX. *v.* MERRIFIELD ET AL.

(23 P. (2d) 124)

*George H. Brewster,* of Redmond (Max A. Cunning, of Redmond, on the brief), for appellant.

*Bert C. Boylan,* of Bend, for respondents.

BEAN, J. Defendant Atkinson filed a motion for judgment on the pleadings; also a motion for a dismissal of the suit as to him. The court denied the motions and allowed plaintiffs to file an amended complaint, which was filed and was of the purport above set forth.

■ According to our view of the case, we are not at this time prepared to say that the amendment was

material. It was within the sound discretion of the trial court. An amendment may be permitted in the discretion of the court at any time before trial. § 1-906, Oregon Code 1930. The words "before trial" refer to a trial upon the issues of fact. *State v. Pacific Live Stock Co.,* 93 Or. 196 (182 P. 828). The other motion involves the liability of Atkinson and will be considered hereafter. We think the facts of the case are fully portrayed in the record.

■ The second assignment of error is that the trial court erred in rendering any judgment against F. G. Atkinson. This is based upon the purported agreement for the extension of time given by plaintiffs to F. A. Hein. It is shown that Atkinson did not consent to an extension of time. The law governing this question, as we find it, is as follows: In a note to *Zastrow v. Knight* (56 S. D. 554, 229 N. W. 925) 72 A. L. R., on page 394, we find the general rule bearing upon the matter enunciated and supported by a wealth of authorities. It is there stated, in substance, that the weight of authority supports the proposition that if the mortgagee, with knowledge of the conveyance of the property and assumption by the grantee of the mortgage debt, extends the time of payment by a valid agreement between him and the grantee, such extension operates to discharge the original mortgagor or intermediate grantee who may likewise have assumed the mortgage, unless such extension is assented to by the mortgagor or intermediate grantee, or unless the rights of the mortgagee against such parties are expressly reserved. Several cases supporting this rule from the courts of eleven states are cited in 19 R. C. L. 384, § 156. It is well-settled that the extension of the time of payment of a mortgage debt given by a mortgagee to a purchaser of the mortgaged premises, in

order to release the mortgagor (and the same rule is applied to an intermediate grantee) must be pursuant to a valid contract entered into for a sufficient consideration, and that mere indulgence given by the mortgagee to the purchaser will not have that effect.

 The rule is laid down in 3 Pomeroy's Equity Jurisprudence (4th Ed.) § 1206, that when a grantee assumes payment of the mortgage debt in the conveyance to him as a part of the purchase price, the land in his hands is not only made the primary fund for payment of the debt but he himself becomes personally liable therefor to the mortgagee or other holder of the mortgage. The assumption produces its most important effect, by the operation of equitable principles, upon the relations subsisting between the mortgagor, the grantee and the mortgagee. As between the mortgagor and the grantee, the grantee becomes the principal debtor primarily liable for the debt, and the mortgagor becomes a surety with all the consequences flowing from the relation of suretyship. As between these two and the mortgagee, although he may treat them both as debtors and may enforce the liability against either, still, after receiving notice of the assumption, he is bound to recognize the condition of suretyship and respect the rights of the surety in all of his subsequent dealings with them. The mortgagee's release of the grantee or his valid extension of the time of payment to the grantee without the mortgagor's consent would operate to discharge the mortgagor. The doctrine concerning suretyship must control the dealings between these three parties. When land is thus conveyed with an assumption of the mortgage by the grantee contained in the deed subsequent grantees holding under the conveyance are charged

with notice and the land continues to be the primary fund for payment as though the facts were recited in their own deeds.

█ The ground of the grantee's liability adopted by the courts of a large majority of the state is that of contract. It is an application of the general doctrine so widely prevailing in this country that it may properly be called an American doctrine—where A makes a promise directly to B for the benefit of C, upon a consideration moving alone from B, C being the party beneficially interested, may treat the promise as though made to himself and may maintain an action at law upon it in his own name against A, the promisor. This rule unquestionably prevails in this state. According to this generally accepted view, the liability of the grantee who thus assumes the payment of an outstanding mortgage does not depend upon any extension of the equitable doctrine concerning subrogation; it is strictly legal, arising out of a contract binding at law; the mortgagee, instead of enforcing the liability by a suit in equity for a foreclosure, may maintain an action at law against the grantee upon his promise and recover a personal judgment for the whole mortgage debt. The courts of certain states adopt an entirely different *rationale* "that the liability of a grantee to the mortgagee does not arise from contract, and does not exist at law; but it results from an application, or more correctly an extension, of the equitable doctrine of subrogation". 3 Pomeroy's Equity Jurisprudence (4th Ed.) § 1207. See also Stearns on Suretyship, §§ 38 and 43, to the effect that the contract is not within the statute of frauds.

██ The conveyance by a mortgagor of the mortgaged premises does not exonerate him from personal

liability for the debt secured. This is the case, although the grantee personally assumes and agrees to discharge the debt; for the mortgagor cannot, by any contract between himself and a third person, relieve himself from liability or otherwise bind the mortgagee, though the latter may be precluded from asserting a personal remedy by subsequently placing himself in the position of the mortgagor. The mortgagee's delay in enforcing his claim or his omission to proceed against the vendee of the mortgagor, who has assumed the payment of the debt, cannot prejudice his right to foreclose his mortgage and to obtain judgment against the mortgagor for the deficiency. 19 R. C. L. 371, § 142.

▇▇▇▇▇ Where the grantee of mortgaged premises assumes and agrees to pay the mortgage, he becomes at least as to the mortgagor the principal debtor, the latter occupying the position of surety. A grantee is not relieved of liability by conveying the estate to a third person, even though in conveying he exacts a promise of assumption from his grantee. A grantee who assumes his grantor's mortgage as a part of the purchase price of the land thereby undertakes to discharge the mortgage and not simply to cancel the mortgage debt so far as it is a claim against individuals, and his failure to do so will render him liable to at least nominal damages. 19 R. C. L. 373, § 143. A grantor to whom a promise of assumption has been made by his grantee may bring suit to compel payment by the latter as soon as the debt becomes due; and such right is not affected by the fact that his grantee is able to respond in damages, the court taking jurisdiction to avoid circuity of actions. If the latter prefers he may take an assignment of the mortgage to himself and foreclose or sue on the agreement and recover the amount paid by him in obtaining the mortgage, not

exceeding the amount due on the obligation secured. 19 R. C. L. 374, § 144. As to the liability of a grantee assuming a mortgage to the mortgagee,

"Though there is authority to the contrary, the decisions hold almost unanimously that a grantee of the premises, in assuming a mortgage thereon, renders himself liable for the discharge of the mortgage debt, not only to the mortgagor, but also directly to the mortgagee. This rule is generally sustained on the theory that since, as between the parties to the deed, the grantee by his contract of assumption becomes the principal debtor and the grantor the surety, * * *." 19 R. C. L. 374, § 145.

Where there are successive grantees of the mortgaged premises, each assuming payment of the mortgage debt, the mortgagee may hold either or all of the grantees for the debt and is not obliged to look to the last one. The liability of a grantee of property who has assumed a mortgage thereon may always be enforced in a suit to foreclose the mortgage. 19 R. C. L. 374, § 145.

This authority is not to the effect that the grantee by his contract of assumption becomes the principal debtor as to the mortgagee. It will be noticed that the rule is laid down strictly as between the parties to the deed.

"Furthermore, though there is some authority to the contrary, an oral promise of assumption made to the grantor at the time of the conveyance is sufficient and may be enforced in equity by the grantor or the holder of the mortgage; the promise is independent of the deed and not contradictory thereof nor merged therein. It is not within the provision of the statute of frauds prohibiting proof by parol of a contract not to be performed within one year or to answer for the debt or default of another." 19 R. C. L 381, § 152.

2 Wiltsie on Mortgage Foreclosure (3d Ed.)´ § 746, reads as follows:

"Where a grantee has assumed the payment of a mortgage, he will not be liable for a judgment of deficiency unless his grantor was liable. Where a deed contains a covenant that the grantee shall pay the mortgage on the property, an extension of the time of payment by the holder of the mortgage will discharge the grantor; and when the mortgagee releases the grantee, he will thereby discharge the mortgagor also from liability." Citing a large number of cases.

The plaintiff invokes the rule laid down in *Y. M. C. A. v. Croft,* 34 Or. 106 (55 P. 439, 75 Am. St. Rep. 568), and followed in *Portland Trust Co. v. Nunn,* 34 Or. 166 (55 P. 441), to the effect that a grantee of mortgaged property who accepts a deed therefor, reciting that he assumes and agrees to pay the mortgage debt, is not personally liable therefor unless his immediate grantor was so bound. This principle does not apply to the defendant Atkinson, as his immediate grantors were personally liable for the mortgage debt.

■ Plaintiff also contends, in effect, that the release of F. A. Hein did not affect the mortgagor or the intermediate grantee Atkinson for the reason that Hill did not, by his deed, assume the mortgage debt. This contention overlooks the fact that under any such circumstances, when the grantee assumes the mortgage debt, as between the grantee and the mortgagor or the immediate grantee, the land is a primary fund for the payment of the debt, although Hill, Hein's immediate grantor, assumed no personal liability in accepting his deed. The security in Hein's control is liable for the payment of the debt. Therefore, to the extent of the value of such property properly applicable to the mortgage debt, the original mortgagor and the intermediate grantee Atkinson subject to the mortgage

stand in the relation one to another, which, while not a true suretyship, is nevertheless equitably analogous thereto and subject to the operation of the same principles. Atkinson was entitled to pay the debt at any time and looked to Hein for reimbursement according to Hein's assumption and agreement to pay. *Zastrow v. Knight*, 56 S. D. 554 (229 N. W. 925, 72 A. L. R. 379, 386).

■■■■ An extension of time of payment by Hurst, the mortgagee, to F. A. Hein, the grantee, who had assumed the payment thereof, to have the effect of discharging the mortgagor, or Atkinson, an assuming grantee, must be by enforceable contract, and must, therefore, be supported by a sufficient consideration. A mere request for the extension of the due date of the mortgage debt at the contract rate of interest, and a consent thereto, do not satisfy the essentials of a binding contract within the rule under examination; nor is the payment of interest and part of the principal, after all of it has become due, such a valid consideration for an extension of time as will discharge the mortagor, though it is sufficient if the grantee agrees to pay an increased rate of interest in advance.

■■■■ As we view it, the liability of Atkinson, over and above the proceeds of the sale of the mortgaged property, depends upon the validity of the agreement for an extension of time, which we will now consider. The plaintiff alleges and contends that the extension agreement was void for want of consideration. The express consideration of $250, as the undisputed evidence shows, was applied upon the interest and a part of the principal of the mortgage debt. Hein was already obligated to pay that amount and the second promise to do so was not a valid consideration. It is a well-settled proposition of law that the real consideration recited

in the written instrument, or that there was a want or failure of consideration, may be shown by oral testimony. 22 C. J. 1157, § 1555. Therefore, the payment of $250 by him was nothing more than he was originally, by his assumption agreement, obligated to pay and does not constitute any part of the consideration for the extension of time. The agreement shows that Hein was permitted to cut firewood on the premises and account to the plaintiffs for the same, to be applied on the payment of the note and mortgage. This was advantageous not only to Hein but to the mortagor and intermediate grantees. Hein did not covenant to cut any timber for firewood and did not cut any firewood on the land. No consideration passed between Hein and the plaintiffs in this regard so as to support a consideration for the agreement.

■ There was a further condition that the delinquent taxes on the land should be paid by Hein not later than January 1, 1930. Hein was already obligated to pay the taxes on the premises and a second agreement to do so would not constitute any part of a consideration for the extension of time. Hein neither promised nor performed any act to constitute a consideration for the agreement. There was no time after the execution of the so-called extension agreement that the mortgagors or Atkinson could not have taken any step to enforce payment by Hein that they were entitled at any time to take. Take it all in all, there was a mere forbearance by plaintiff for a time to bring suit, and finally they did not claim judgment against Hein. The suit, however, was commenced before the time mentioned in the so-called extension agreement of two years had expired, which is a mere circumstance.

■■ Atkinson by his agreement to assume payment of the note and mortgage was legally bound to do

so. He has not shown that he was in any way released from such obligation. Plaintiffs had the right to bring suit against the mortgagors or any or all of the grantees who assumed the payment of the mortgage.

By their amended complaint they have asked for the judgment indicated against J. W. Merrifield and Mary C. Merrifield, the mortgagors, and also F. G. Atkinson.

It follows that the decree of the circuit court should be affirmed. It is so ordered.

ROSSMAN, CAMPBELL, and BAILEY, JJ., concur.