Argued December 5, 1933; reversed January 2; rehearing denied January 23, 1934

## PETERS ET AL. *v.* DIETRICH ET AL.

(27 P. (2d) 1015)

*George P. Winslow,* of Tillamook, for appellants.

*H. T. Botts,* of Tillamook (Botts & Ebinger, of Tillamook, on the brief), for respondents.

BEAN, J. The motion to set aside the judgment was determined solely upon affidavits submitted by the parties. No oral evidence was received or considered by the circuit court and all of the affidavits sub-

mitted and considered are certified to this court by the trial judge as a bill of exceptions.

Defendants tendered an answer with their motion to set aside the default. It is alleged, and shown by affidavits, in substance, that the note described in plaintiffs' complaint was executed by defendants in connection with the execution of a trust deed (given as a mortgage) to secure the payment of the promissory note, described in plaintiffs' complaint, upon certain real property located in the city of South Gate, California; that shortly after the execution of said note and conveyance the defendants conveyed said property to one Graham and wife, and, as a part of the consideration of said conveyance, ''the grantees assumed and agreed to pay the promissory note described in plaintiffs' complaint''; that the said grantees, Graham and wife, took immediate possession of said real property and thereafter paid all interest which became due upon the note and mortgage and the same was received by the plaintiffs herein from said grantees, Graham and wife, with full knowledge that the said grantees, Graham and wife, had purchased said property and assumed and agreed to pay said note; that after said conveyance by defendant and prior to the maturity of said note, the plaintiffs in this action entered into an agreement with the said Graham and wife wherein and whereby said plaintiffs, for a valuable consideration paid by Graham and wife, agreed to extend the time of payment of said note for a period of three years from the maturity date thereof; that said extension agreement was in writing and entered into long after defendants had sold said property to said Graham and wife, and that defendants at no time consented to said extension and had no knowledge thereof, and that by reason thereof defendants were

thereby discharged from all liability of the payment of said note.

Defendants, in justification of their failure to file their answer to plaintiffs' complaint within the time provided by law, show that on the day defendants were served with summons and complaint in this cause, the defendant P. J. Dietrich called on the attorney for plaintiffs and attempted to make a settlement of the case. Defendant P. J. Dietrich offered to convey to plaintiffs his interest in certain property in California. In defendant Dietrich's affidavit, filed with the motion, it is said in relation to the offer of settlement "that the said plaintiffs' attorney promised and agreed to write to plaintiffs and put said proposition of settlement up to said plaintiffs and to inform defendants about any decision that plaintiffs might make in regard to said proposal". Plaintiffs admit that said defendant P. J. Dietrich did call on plaintiffs' attorney on the day mentioned and make an offer of settlement, and plaintiffs' attorney in an affidavit states: "I told him (defendant P. J. Dietrich) that I would communicate with the plaintiffs as to his offer to turn over the purported equities to see what plaintiffs might wish to do in regard to it." Defendant P. J. Dietrich claims that he was led to believe that nothing further would be done in the action and no judgment would be taken until an answer had been obtained from plaintiffs in regard to the offer of settlement, while the attorney for plaintiffs denies that any agreement to notify defendants of such decision was made. Defendant Dietrich, it appears, did not consult any attorney and desired to avoid the expense of so doing, especially as a proposal of settlement was pending. The judgment was taken against defendants on October 13, 1932, and defendants received their first notice thereof on or

about October 31, 1932, and they thereupon consulted an attorney for the first time, and on said date defendants prepared and served a motion to set aside said judgment and to relieve defendants from said default. Attached to the motion was an affidavit setting up the history of said transaction, and defendants also, with said motion, tendered an answer to the complaint.

Affidavits submitted in the lower court show that plaintiffs purchased the mortgaged property at foreclosure sale for the nominal sum of $250, although the plaintiffs accepted the property as security for payment of the note for $3,000 and the defendants claim at the time of the sale it was worth at least $3,000. Defendants also contend that if proper endeavor had been made at the time of the sale of the property it could have been sold for $3,000.

■ We think there was negligence on the part of defendants in not entering an appearance in the case before they did, but, under all of the circumstances shown by the record, we believe that the neglect was excusable.

Section 1-907, Oregon Code 1930, provides that the court may, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done after the time limited by this code, or by an order enlarge such time; and may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.

It would seem that there would be no object or efficacy in the proposition of settlement being submitted to plaintiffs by their attorney unless an answer

thereto was expected, and that there was some reason for Mr. Dietrich to believe that the matter would stand as it was then until such answer was received by him, although plaintiffs' attorney did not promise him that no judgment would be entered in the meantime. Mr. Dietrich did not understand the law and unwisely stated to plaintiffs' counsel, in effect, that he would have to take advantage of bankruptcy. Apparently he endeavored to make an argument to encourage the settlement. Doubtless if Mr. Dietrich had obtained legal assistance at the proper time there would have been no misunderstanding. This he did not do, as he desired to save the expense while the settlement was pending. We do not question the accuracy of the statement of the learned attorney for plaintiffs nor criticize him for having the judgment entered. We believe, however, that upon the showing made the defendants should be permitted to file their answer and have the case heard or to have their day in court. It does not appear that, on account of the time which had elapsed before defendants tendered their answer, the plaintiffs were caused material inconvenience or injury.

 The discretion to be exercised by the court, under section 1-907, Oregon Code 1930, is controlled in its execution by fixed legal principles, to be exercised in conformity with the spirit of the law, in a manner to subserve and not to defeat or impede the ends of substantial justice. Each case should be determined by its own peculiar facts. *Thompson v. Connell,* 31 Or. 231 (48 P. 467, 65 Am. St. Rep. 818); 1 Black on Judgments (2d Ed.) § 354, p. 553.

██ The provisions of section 1-907 are remedial and should be given a liberal construction. *Fildew v. Milner,* 57 Or. 16 (109 P. 1092). As said by former Mr.

Justice BEAN in *Hanthorn v. Oliver,* 32 Or. 57, at page 62 (51 P. 440, 67 Am. St. Rep. 518):

"As a general rule, however, in case where, as here, the application is made so immediately after default entered as that no considerable delay to the plaintiff is to be occasioned by permitting a defense on the merits, the court ought to incline to relieve. The exercise of the mere discretion of the court ought to tend in a reasonable degree, at least, to bring about a judgment on the very merits of the case; and when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application."

■ Where defendant against whom a default has been taken, when he thought that negotiations for a settlement were still pending and he continued to so believe until proceedings upon execution were begun, afterwards promptly files his motion to vacate the default, he is entitled to relief. *McAuliffe v. McAuliffe,* 136 Or. 168, 172 (198 P. 239).

■ We think the answer tendered by defendants shows a meritorious defense. Further than this we do not desire to consider the merits of the case. *Astoria Savings Bank v. Normand,* 125 Or. 347 (267 P. 524).

■ Where property is mortgaged and then conveyed by the mortgagor and the grantee agrees to assume and pay the mortgage, the purchaser becomes, at least as to the mortgagor, the principal debtor, the latter occupying the position of surety. *Hurst v. Merrifield,* 144 Or. 78 (23 P. (2d) 124); *Robson v. O'Toole,* 45 Cal. App. 63 (187 P. 110); *Braun v. Crew,* 183 Cal. 728 (192 P. 531).

■ The weight of authority supports the proposition that if the mortgagee, with knowledge of the conveyance of property and assumption by the grantee of the

mortgage debt, extends the time of payment by a valid agreement between him and the grantee, such extension operates to discharge the original mortgagor, unless such extension is assented to by the mortgagor or unless the rights of the mortgagee against such parties are expressly reserved. *Zastrow v. Knight,* 56 S. D. 554 (229 N. W. 925, 72 A. L. R. 394) ; 2 Wiltsie, Mort. Forecl. (3d Ed.) § 746.

■ As between the mortgagor and the grantee, the grantee becomes the principal debtor primarily liable for the debt, and the mortgagor becomes a surety with all the consequences flowing from the relation of suretyship. As between these two and the mortgagee, although he may treat them both as debtors and may enforce the liability against either, still, after receiving notice of the assumption, he is bound to recognize the condition of suretyship and respect the rights of the surety in all his subsequent dealings with them. The mortgagee's release of the grantee, or his valid extension of the time of payment to the grantee without the mortgagor's consent would operate as a discharge of the mortgagor, unless the rights of the mortgagee against such parties are expressly reserved. 3 Pomeroy's Equity Jurisprudence (4th Ed.) § 1206; *Hurst v. Merrifield,* supra. Although there is some authority to the contrary, an oral promise of assumption made to the grantor at the time of the conveyance is sufficient. 19 R. C. L. 381, § 152; *Rolston v. Markham,* 36 Or. 112 (58 P. 1099) ; *Hurst v. Merrifield,* supra.

■ It is contended by counsel for plaintiffs that no bill of exceptions has been brought into the record so that affidavits in connection with the motion are not before the court for consideration. With this we are unable to agree. A motion to strike the bill of exceptions was filed herein and was denied on July 31, 1933.

Section 2-704, Oregon Code 1930, provides, in part, that no exception need be taken or allowed to any decision upon a matter of law when the same is entered in the journal or made wholly upon matters in writing and on file in the court. The ruling upon the motion to vacate the default and judgment was regularly entered in the journal. There was no exception necessarily taken and the evidence upon which the decision was rendered is all carefully certified to by the trial judge. We think the first certificate of the trial judge was amply sufficient for that purpose. An amendment was thereafter made which, as we view it, was not absolutely necessary. From the showing made we do not think that the defendant was guilty of wilful neglect, such as mentioned in *Bratt v. State Industrial Accident Commission,* 114 Or. 644 (236 P. 478).

The order overruling the motion will be reversed and the cause remanded to the circuit court with directions to allow the motion and permit the defendants to file their answer and be granted a trial of the cause.

RAND, C. J., CAMPBELL and BAILEY, JJ., concur.