Argued June 6; reversed June 20, 1939

# PORTLAND MORTGAGE CO. *v.* HORENSTEIN

## ET AL.

(91 P. (2d) 533)

In Banc.

*Nicholas Jaureguy*, of Portland (Cake, Jaureguy & Tooze, of Portland, on the brief), for appellant.

*John F. Logan* and *D. P. Price*, both of Portland, for respondents.

RAND, C. J. This is a suit for the foreclosure of a real estate mortgage given on July 27, 1928, by H. M. Horenstein and wife to plaintiff's assignor, the Equitable Savings and Loan Association. By its terms, it became due and payable on July 20, 1933. The mortgage was given to secure a loan of $45,000 and was to bear interest at the rate of 6 per cent per annum payable quarterly. Among other things, the mortgage stipulated that the mortgagors should pay all taxes, assessments and other charges levied against the land, keep the building thereon in good repair and insured against loss by fire in an amount equal to the amount due under the mortgage, and that, upon their failure to pay such taxes, assessments and premiums on insurance policies, the mortgagee, at its option, may pay the same and that the amounts so paid shall be a lien under the mortgage and bear interest at the rate of 10 per cent per annum.

The complaint in this suit was filed on May 8, 1936. At that time no part of the principal sum had been

paid although overdue for nearly three years. The mortgagors were also in default in the payment of interest and in failing to pay the taxes for the years 1930 to 1936, both inclusive, which unpaid taxes amounted to some $15,000, and, in failing to repay the mortgagee various sums of money which it had paid out for insurance premiums' and for taxes for years other than those above specified, and also in failing to pay certain assessments levied against the mortgaged property by the city of Portland, all of which they were obligated to pay under the terms of the mortgage.

On September 10, 1936, after the filing of the complaint and before any action had been taken thereon, the plaintiff, the then holder of the mortgage, entered into an agreement in writing with the mortgagors wherein it was agreed that, upon payment by the mortgagors of $10,000 in cash and the immediate payment by them of the taxes levied against the property for the year 1936 and their subsequent fulfillment of other promises contained in the writing, all of which they were obligated to do under the mortgage, the plaintiff would suspend the prosecution of the foreclosure suit until July 1, 1941, and would reduce the principal sum secured by the mortgage from $45,000 to $37,500 and also give credit on the reduced principal for the $10,000 paid.

It was further stipulated in the agreement that if the mortgagors should fail to comply with any of the conditions contained in the agreement, the mortgage should be reinstated for the full amount of the principal as if no reduction had been had and that the mortgage might be foreclosed in the pending suit at any time thereafter.

Pursuant to said agreement and on the same day, the mortgagors paid to the plaintiff, in accordance with said agreement, the sum of $10,000 and the further sum of $900, and, after said payments had been made, another writing was entered into on the same day by the plaintiff and the mortgagors, which recited the following:

"First: The principal sum now remaining unpaid to be $30,241.56. This sum being made up as follows:

(a) The Balance due on account of the
 mortgage ................................................$27,500.00
(b) Unpaid interest to July 1, 1936 ............ 1,350.00
(c) The sum of $1184.40 being taxes and
 insurance paid by first party .............. 1,184.40
(d) Interest on said last named sum to
 July 1, 1936 .......................................... 207.16
 ──────────
 Total ................................................$30,241.56

Second: That the above sum of $30,241.56 with interest thereon at 6 per cent per annum shall be credited each month with the payment of $300.00 to be made by second parties as heretofore in said contract set forth.

Third: The first quarter of the first year's delinquent taxes (being the taxes for 1931) shall be paid on or before January 1, 1937.

Fourth: The taxes levied and assessed for the year 1935 shall be paid in instalments by the second party on or before September 1, 1937.

Fifth: The monthly payment of $300.00 to be made by second parties shall be paid on the first day of each month."

After entering into the extension agreement, the mortgagors, although complying with all other provisions of the agreement, failed to pay the taxes which had been levied against the mortgaged property dur-

ing the years 1931 and 1935, as they had agreed to do, and, while being so in default and because thereof, the plaintiff notified the mortgagors on September 2, 1937, of its intention to proceed in the foreclosure suit. Thereupon the mortgagors filed an answer in the nature of a plea in abatement, setting up the making of the extension agreement and alleging that they had fully performed and praying for an order restraining the plaintiff from prosecuting the foreclosure suit until after the expiration of the extension date. The cause was then put at issue and, upon the trial, although it was shown that the taxes above referred to had not been paid, a decree was entered refusing to foreclose the mortgage at said time and granting to the mortgagors the right to pay said taxes within 30 days thereafter and providing that, if not so paid within said time, the mortgage could then, and not otherwise, be foreclosed. From this decree, the plaintiff has appealed.

■ It will be seen from what has been stated above that the mortgagors were not required under the extension agreement to perform any other or different obligations than they were required to perform under the terms of their mortgage. At the time this agreement was entered into, the entire mortgage debt was then due and owing by the mortgagors to the plaintiff and, under the terms of this agreement, the mortgagors merely promised to pay a portion when they were already obligated to pay the whole. There was, therefore, no sufficient consideration to support the promise of the plaintiff to reduce the principal sum from $45,000 to $37,500 or to accept payments of lesser sums extending over a period of five years before foreclosing its mortgage.

■ That an agreement to take less than the whole amount of a liquidated claim is not supported by a sufficient consideration and is, therefore, unenforceable was held in *Warrenton Lumber Co. v. Smith*, 117 Or. 530, 245 P. 313; *Hurst v. Merrifield*, 144 Or. 78, 23 P. (2d) 124; *Hoskins v. Powder Land & Irr. Co.*, 90 Or. 217, 176 P. 124, and *State ex rel. v. Funk*, 105 Or. 134, 199 P. 592, 209 P. 113, 25 A. L. R. 625. Unless changed by statute, such is the rule in most jurisdictions. See Williston on Contracts, Rev. Ed., Vol. 1, section 120, and authorities there cited. There the author says:

"Since a debtor incurs no legal detriment by paying part or all of what he owes, and a creditor obtains no legal benefit in receiving it, such a payment if made at the place where the debt is due in the medium of payment which was due, and at or after maturity of the debt, is not sufficient consideration for any promise."

"If a debtor does something more or different in character from that which he was legally bound to do, this is sufficient consideration for a promise. Accordingly if a debtor pays his debt or part of it before it is due, or in a medium of payment different from that for which he was bound, or at a different place, or to someone other than the creditor, the consideration is sufficient to support a promise by the creditor." Id., section 121.

■ There is no merit in the contention that the cause has been presented here upon a different theory from that upon which it was presented and tried in the lower court. It was there tried as it has been here upon the theory that, for lack of consideration, the agreement to extend the time of payment and to accept a less amount than that due under the mortgage was invalid because not supported by a sufficient consideration. Having set up that contract as a defense to the prose-

cution of the foreclosure suit until after the expiration of the period referred to in the agreement, before that defense could be maintained, it was necessary for the defendants to show that the contract was valid and not for the plaintiff to show its invalidity.

 Accords, like all other contracts, must be supported by a sufficient consideration and none has been shown in the instant case. For these reasons, the plaintiff was entitled to the entry of a decree foreclosing the mortgage and it was error for the trial court to refuse to enter a decree of foreclosure at the termination of the trial of the cause.

█ The decree appealed from will, therefore, be reversed and the cause will be remanded to the court below with directions to enter a decree foreclosing the mortgage. We are of the opinion, however, that, under the particular facts of this case, no costs should be awarded to the plaintiff either in this or the court below. This, of course, has no reference to the allowance of a reasonable attorney's fee.

BAILEY, J., not sitting.